STATE OF NORTH CAROLINA v. DAVID ERIC MORRIS

No. 8218SC180

(Filed 19 October 1982)

**1. Criminal Law § 75.15— confession—insufficient evidence of intoxication**

The evidence did not show that defendant was so intoxicated as to render his in-custody statement inadmissible.

**2. Robbery § 4.5— armed robbery—aider and abettor—sufficiency of evidence**

The evidence in an armed robbery case, including defendant's in-custody statement that he and two others drove around looking for a place to rob, was sufficient to support defendant's conviction of armed robbery as an aider and abettor.

**3. Criminal Law § 114.2— instructions on confession—no expression of opinion**

The trial judge expressed no opinion concerning the partly inculpatory and partly exculpatory in-custody statement of the defendant by instructing the jury that there was evidence "which tends to show" that defendant confessed that he committed the crime charged.

**4. Criminal Law § 138; Robbery § 6.1— Fair Sentencing Act—armed robbery—aggravating factors—pecuniary gain—use of deadly weapon**

Under G.S. 15A-1340.4(a)(1), the possession or use of a firearm should not be used as an aggravating factor to lengthen the sentence in an armed robbery case. Similarly, if the pecuniary gain at issue in a case is inherent in the offense, then that "pecuniary gain" should not be considered an aggravating factor.

**5. Criminal Law § 138— Fair Sentencing Act—improper aggravating factors—lesser sentence not necessarily required**

The mitigating factors would not necessarily have outweighed the aggravating factors so as to have entitled defendant to a lesser sentence in an armed robbery case if the trial court had not improperly used elements of the offense as aggravating factors where there was support in the record for the court's finding of the additional aggravating fact that "defendant did not tell the truth under oath."

**6. Criminal Law § 138; Robbery § 6.1— presumptive sentence for armed robbery**

Considering the combined effect of the provision of G.S. 14-87(d) establishing a minimum sentence of 14 years for robbery with a firearm, the provision of G.S. 15A-1340.4(f) excepting robbery with a firearm from the twelve-year presumptive sentence of other Class D felonies, and the 1979 Amendment of G.S. 14-87(a) stating that one who robs with a firearm shall be guilty of a Class D felony rather than that such person shall be punished as a Class D felon, 14 years is not only the minimum sentence but is also the presumptive sentence for robbery with a firearm. Therefore, where the trial court imposed the presumptive sentence of 14 years for robbery with a firearm, the court's findings of aggravating and mitigating factors was superfluous.

APPEAL by defendant from *Wood, Judge.* Judgment entered 24 September 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 20 September 1982.

The State's evidence tended to show that on 20 July 1981, the defendant, David Morris, and two accomplices, Roy Shaw and Jerry Washington, were involved in the robbery of a Majik Market in Greensboro. Jerry Washington, who testified for the State, stated that he robbed the store by pointing a pistol at the clerk and demanding all of the money while the defendant and Roy Shaw remained in the car. Before defendant and his two accomplices could leave the vicinity of the Majik Market, the police arrived. The police followed the car, driven by Shaw, for several blocks before stopping it. Defendant was searched, and a gun (but not the one used in the robbery) was found on defendant's person.

After being read his *Miranda* rights, defendant gave a statement indicating that Washington, Shaw and he drove around looking for a place to rob after Washington stated he needed some money and didn't care how he got it. Defendant also asserted in his statement, however, that he refused to get out and go into the store.

Defendant testified that he did not know that Washington had a gun; that he did not intend to rob the Majik Market; that he indicated to Washington before and after the robbery that he did not wish to be involved; and that he was merely present at the scene of the crime. Defendant explained that the gun found in his pocket at the scene was one he had found two days earlier, and that he was taking it to a friend's house.

Following his conviction of armed robbery and a judgment imposing a fourteen-year prison sentence, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Alexander, Moore, Nicholson & Baynes, by E. Raymond Alexander, Jr., for defendant appellant.*

BECTON, Judge.

The defendant presents four arguments on appeal: (1) that the trial court erred in determining that the statement given by

him was voluntary and admissible; (2) that the trial court should have allowed his motion to dismiss, since there was no evidence of an intent by defendant to rob the Majik Market; (3) that the trial court erred by referring to defendant's statement as a "confession;" and (4) that the trial court erred by considering "pecuniary gain" and "possession of a deadly weapon" as aggravating circumstances at his robbery with a firearm sentencing hearing. For the reasons that follow, we reject defendant's arguments.

## I

[1]  Defendant first contends that his statement was involuntary because he was under the influence of alcohol during interrogation and because his statement was not read back to him after it had been reduced to writing. We have reviewed the record and we find competent evidence to support the trial court's finding that the statement was read to defendant and that defendant initialed and signed the statement. Further, we find no evidence to indicate that defendant was so intoxicated as to render his statement inadmissible. *See State v. Atkinson*, 39 N.C. App. 575, 251 S.E. 2d 677 (1979). To the contrary, defendant indicated that he was not impaired; that he "knew what went on" at the time he gave his statement; and that the statement was voluntary.

The trial court, following a *voir dire* hearing, made findings of fact upon which the admissibility of the alleged incompetent evidence depended. The trial court's findings of fact are supported by competent evidence and are conclusive on appeal. *State v. Jackson*, 292 N.C. 203, 232 S.E. 2d 407 (1977) and *State v. Herndon*, 292 N.C. 424, 233 S.E. 2d 557 (1977).

## II

[2]  We summarily dismiss defendant's second argument that the trial court erred by its failure to allow defendant's motion to dismiss at the close of the State's evidence and at the close of all the evidence. The evidence taken in the light most favorable to the State is sufficient to take the case to the jury. It is to be remembered that the defendant told the interrogating officers: "We left Kayo going to look for a place to robb [sic]."

## III

[3]  Next, defendant contends that the trial court "erred in instructing the jury as to a 'confession' of the defendant." Although

defendant, in his statement, denied that he was the actual perpetrator of the robbery, the statement is not wholly exculpatory. Defendant clearly implicated himself in the plan to rob. Even defendant admits in his brief that the "statement of the defendant contained exculpatory portions as well as incriminating portions, . . . . "

Further, and equally significant, the trial court did not tell the jury that defendant "confessed." The trial court said: "There is evidence *which tends to show* that the defendant, David Eric Morris, confessed that he committed the crimes charged in this case. *If you find* that the defendant made the confession, then you should consider all the circumstances under which it was made in determining whether it was a truthful confession and the weight you will give to it." (Emphasis added.) Considering the trial court's charge in context, it is clear that the judge expressed no opinion concerning the partly inculpatory and partly exculpatory statement of the defendant.

IV

In his final assignment of error, defendant contends that the trial court erroneously found the following as aggravating factors: (1) that the robbery with firearm was committed for hire or pecuniary gain; and (2) that the defendant was armed with a deadly weapon at the time of the robbery with firearm.

Defendant's contention is premised on G.S. 15A-1340.4(a)(1) which states, in relevant part, that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation. . . ." Arguing that the statute prohibits the dual or multiple use of the same evidence, defendant asserts, first, that the mitigating factors would have outweighed the aggravating factors and, second, that the defendant would have been eligible for a lesser sentence had the trial court not used elements of the offense to prove factors in aggravation.

Defendant's argument is appealing. In addition to the statute's mandatory proscription, our Supreme Court has held that the evidence necessary to prove the underlying felony in a felony murder case could not be used at the penalty phase as an aggravating factor because the underlying felony merged into and formed a part of the capital offense. *State v. Cherry*, 298 N.C. 86,

113, 257 S.E. 2d 551, 567-68 (1979).[1] Further, the use of an element of an offense as a factor in aggravation has been rejected by courts and legislatures in other jurisdictions.

In *Juneby v. State*, 641 P. 2d 823 (1982), the defendant was convicted of burglary and sexual assault. The Alaska Court of Appeals ordered resentencing in the rape case because the trial court, at Juneby's sentencing hearing, relied upon facts that were used to prove the burglary to justify the imposition of a greater sentence in the rape case. Further, Alaska trial courts are specifically prohibited from considering "pecuniary incentive" as an aggravating factor unless it is beyond that inherent in the crime itself. Alaska Stat. § 12.55.155(c)(11) (1980). Similarly in *People v. Roberson*, 81 Cal. App. 3d 890, 146 Cal. Rptr. 777 (1978), resentencing was ordered in an armed robbery case in which the trial court had increased defendant's sentence because he had a weapon. (See, generally, *California Penal Code*, § 1170.6 (West 1982) and *California Civil and Criminal Court Rules*, Rule 441 (West 1981) (Dual Use of Facts; Prohibited Use of Facts).) In Illinois, trial courts can use as an aggravating circumstance the fact that defendant received compensation or pecuniary incentive for the offense *only when* defendant received remuneration other than the proceeds of the offense itself. *People v. Hunt*, 100 Ill. App. 3d 553, 426 N.E. 2d 1268 (1981); *People v. Krug*, 97 Ill. App. 3d 938, 424 N.E. 2d 98 (1981).

[4] As a matter of simple logic, and considering, first, the clear mandate of our Fair Sentencing Act; second, our Supreme Court's decision in *State v. Cherry;* and, third, the support we find in other jurisdictions, we are convinced that possession or use of a firearm should not be used as an aggravating factor to lengthen the sentence in a robbery with firearm case. Similarly, if the pecuniary gain at issue in a case is inherent in the offense, then that "pecuniary gain" should not be considered an aggravating

---

1. Although our Supreme Court later said in *State v. Oliver*, 302 N.C. 28, 62, 274 S.E. 2d 183, 204 (1981), that "the circumstance that the capital felony was committed for pecuniary gain, . . . is not . . . an essential element . . . [of the offense];" and that "it is appropriate for [pecuniary gain] to be considered on the question of [defendant's] sentence" since "the circumstance examines the motive of the defendant rather than his acts," *Cherry* was not overruled. Further, our capital punishment statute does not contain a statutorily mandated proscription against the use of evidence necessary to prove an element of the offense as does our Fair Sentencing Act.

State v. Morris

factor. (We note that pecuniary incentive is not always inherent in the crime. Thus, the determination whether pecuniary gain as an aggravating factor, is also an element of the underlying offense, is a factual one. For example, if A hires or pays B to disarm C with the threatened use of a firearm and to throw C's weapon in the river, B could be convicted of robbery with a firearm, and B's sentence could be enhanced by the aggravating fact that the offense was committed for hire or pecuniary gain.)

[5] Notwithstanding its initial appeal, defendant's argument does not withstand closer scrutiny. Indeed, although we have accepted defendant's premises, we reject his conclusions based on the facts of this case. First, defendant's conclusions that the mitigating factors would have outweighed the aggravating factors and that defendant would have been eligible for a lesser sentence had the trial court not used elements of the offense to prove factors in aggravation, are based on rigid mathematical principles that cannot be applied to the sentencing process. In this case the trial court found, and there is support in the record for its finding, the *additional* aggravating fact that "defendant did not tell the truth under oath." On this point, what we said in *State v. Davis*, --- N.C. App. ---, ---, 293 S.E. 2d 658, 661 (1982) bears repeating and is determinative:

> The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. Although the court is required to consider all statutory factors to some degree, it may very properly emphasize one factor more than another in a particular case. N.C. Gen. Stat. 15A-1340.4(a). The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. [Citations omitted.]

[6] We also reject defendant's conclusions for another reason. Our reading of the Fair Sentencing Act and the robbery with firearm statute compels a conclusion that "fourteen years" is the presumptive sentence for robbery with firearms. Therefore, the finding of aggravating and mitigating factors in this case is

superfluous as no finding is required when the trial judge gives the presumptive sentence.[2]

It is true that our legislature did not specifically state that fourteen years is the presumptive sentence for the offense of robbery with firearm. Indeed, to make the robbery with a firearm statute, G.S. 14-87, consistent with the Fair Sentencing Act, G.S. 14-87 was amended in 1979 to state that a person who robs with a firearm "shall be guilty of a Class D felony." Under the Fair Sentencing Act, a Class D felon shall be punished by imprisonment of up to forty years, G.S. 14-1.1(a)(4), and the presumptive sentence for a Class D felony is twelve years, G.S. 15A-1340.4(f)(2). Moreover, because that portion of the Fair Sentencing Act, G.S. 14-1.1, governing punishment for felonies, has no exceptions—that is, it excludes no felonies—it could be argued that the presumptive sentence for robbery with a firearm is twelve years. Such an argument, however, ignores one of the conceded evils the Fair Sentencing Act was designed to remedy—disparate sentences for similar offenses. That argument also ignores two statutory provisions suggesting that twelve years *is not* the presumptive term for robbery with a firearm.

First, G.S. 15A-1340.4(f) states "*unless otherwise specified by statute*, [the] presumptive prison [term] for felonies classified under Chapter 14 . . . (2)[f] or a Class D felony, [is] imprisonment for 12 years." (Emphasis added.) Second, the robbery with a firearm statute states, in relevant part, that "*[n]otwithstanding any other provision of law*, . . . a person convicted of robbery with firearms . . . shall receive a sentence of at least 14 years in the State's prison. . . ." G.S. 14-87(d). That the confluence of these two provisions suggests that fourteen years, instead of twelve years, is the presumptive sentence for armed robbery is further supported by two separate amendments to G.S. 14-87(a) during the 1979 legislative session. During the first session, the legislature substituted "punished as a Class D felon" for the former language "punished by imprisonment for not less than seven years nor more than life imprisonment in the State's

---

2. We assumed that there was a presumptive sentence for robbery with a firearm in *State v. Davis* when we upheld the imposition of a forty-year sentence in robbery with firearm and assault with a deadly weapon cases after determining that the trial court did not abuse its discretion in weighing the aggravating and mitigating circumstances.

prison" at the end of subsection (a). 1979 N.C. Sess. Laws 760, sec. 5. During the second session, the legislature substituted "Class D felony" for the language it has used during the first session, "punished as a Class D felon" at the end of subsection (a). 1979 N.C. Sess. Laws 1316, sec. 12 (2d session). The first amendment would have permitted a presumptive sentence of twelve years; the latter amendment would not.

We fully recognize that a presumptive sentence in the scheme of our Fair Sentencing Act presupposes both a sentence greater than the presumptive and a sentence less than the presumptive, and that under the robbery with a firearm statute, our trial judges are prohibited from imposing a term of less than fourteen years. Nevertheless, we resolve this case consistent with what we believe to be the paramount legislative intent underlying the Fair Sentencing Act. Considering (1) the combined effect of G.S. 14-87(d) and G.S. 15A-1340.4(f) excepting robbery with a firearm from the twelve-year presumptive sentence of other Class D felonies, and (2) the amendment of G.S. 14-87(a) specifically to state that one who robs with a firearm shall be guilty of a Class D felony (and not that the person shall be punished as a Class D felon), we hold that fourteen years is not only the minimum, but also the presumptive, sentence in robbery with firearm cases.[3] To hold that there is no presumptive sentence in robbery with firearm cases would allow trial judges to impose sentences ranging from fourteen to forty years without considering aggravating and mitigating factors. This, in our view, the legislature did not intend.

For the foregoing reasons, we reject defendant's final assignment of error.

---

3. See Stevens Clarke and Elizabeth Rubinsky, *North Carolina's Fair Sentencing Act: Explanation, Text, and Felony Classification Table* (rev. 1981) at 43. (The 14-year minimum required sentence under G.S. 14-87 "presumably overrides the presumptive term.")

See also, Comment, *Criminal Procedure—The North Carolina Fair Sentencing Act,* 60 N.C.L. Rev. 631, 635 n. 38 (1982), in which it is stated:

Despite reclassification under the Fair Sentencing Act, a term may not be imposed that will result in less time served than statutorily mandated. Thus, a person convicted of armed robbery must be sentenced to at least fourteen years imprisonment so he will not serve less than the statutory mandate of seven years.

In defendant's trial we find

No error.

Chief Judge MORRIS and Judge JOHNSON concur.