STATE OF NORTH CAROLINA v. PERRY BROWN THOMPSON

No. 8213SC1140

(Filed 7 June 1983)

**Criminal Law § 138— felonious uttering—pecuniary gain aggravating circumstance**

In imposing a sentence for the felonious uttering of a forged check, the trial court erred in considering as an aggravating circumstance that the offense was committed for pecuniary gain since pecuniary gain was inherent in the offense of uttering where defendant was not hired or paid for committing the offense.

APPEAL by defendant from *Preston, Judge.* Judgment entered 3 March 1982 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 14 April 1983.

Defendant was indicted by a Columbus County Grand Jury, for allegedly committing two felonies: forgery and uttering. The indictment charged that defendant, on 2 July 1981, forged the name of Tom Ludlum on a check payable to Paul Baldwin, drawn in the amount of $150.00, and uttered it to Todd's Furniture Store. It was established at trial that defendant presented the check to a Todd's employee as payment for a lamp costing $51.88, and received $98.12 in change. The lamp was to have been picked up later, but was never claimed. Todd's sold the lamp to another customer.

The jury acquitted defendant of forgery but found him guilty of felonious uttering. From a judgment imposing an active sentence of five (5) years, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Thomas H. Davis, Jr., for the State.*

*Jerry A. Jolly, for defendant appellant.*

BECTON, Judge.

Defendant's sole assignment of error relates to his sentencing hearing. He argues that the trial court erred when it found that the offense of felonious uttering was committed for pecuniary gain and, thereby, improperly found that the factors in aggravation outweighed the factors in mitigation of defendant's sentence. We agree.

The issue raised by defendant's argument is whether pecuniary gain is inherent in the offense of felonious uttering. That offense comprises three essential elements: (1) the offer of a forged check or other instrument to another; (2) with knowledge that the instrument is false; and (3) with the intent to defraud or injure another. N.C. Gen. Stat. § 14-120 (1981). *See also, State v. Hill*, 31 N.C. App. 248, 229 S.E. 2d 810 (1976).

First, as we said in *State v. Morris*, 59 N.C. App. 157, 296 S.E. 2d 309 (1982), "if the pecuniary gain at issue in a case is inherent in the offense, then that 'pecuniary gain' should not be considered an aggravating factor." *Id.*, at 161-62, 296 S.E. 2d at 313.

Additionally, the General Assembly recently amended the Fair Sentencing Act, N.C. Gen. Stat. § 15A-1340.4(a)(1)(c) (1981), to more clearly define pecuniary gain. Effective 1 October 1983, that factor will read: "The defendant was hired or paid to commit the offense." That amendment, in our view, clearly evinces the Legislature's intent to avoid the enhancement of a defendant's sentence simply because money or other valuable items were involved in the crime charged. Bound as we are fairly to interpret legislative enactments, and charged both to divine and carry out the intent of the Legislature, we are compelled to hold that the trial court erred in considering pecuniary gain as a factor in aggravation of defendant's sentence.

We note that it is difficult to imagine an uttering case in which a defendant utters or passes a fraudulent instrument for gain other than pecuniary; indeed, except for the aggrandizement of one's financial resources, uttering a defective instrument is pointless. We therefore determine that, unless a defendant is hired or paid for the commission of the offense, any other pecuniary gain is inherent in the offense of uttering a fraudulent instrument.

Because one of the findings in aggravation of defendant's sentence was improperly entered, and a sentence in excess of the presumptive imposed, this case is remanded for a new sentencing hearing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983).

Remanded for resentencing.

Judges WELLS and EAGLES concur.