STATE OF NORTH CAROLINA v. ALLIE BRYAN ALDRIDGE, III

No. 838SC94

(Filed 17 April 1984)

**1. Criminal Law § 81— best evidence rule—inapplicable**

In a prosecution for breaking and entering, among other charges, the "best evidence rule" did not apply to the introduction of photostatic copies of a check and receipt from a buyer of silver which was allegedly stolen since defendant admitted signing the receipt and accepting the check made out to him and the only question before the jury was his purpose in so doing, not the issuance or terms of the document.

**2. Criminal Law § 117.4— failure to show reversible error in failure to give interested witness instruction**

Defendant failed to show error in the trial court's giving of only an accomplice instruction and in its failure to give a special interested witness instruction concerning the testimony of a witness for the State who testified pursuant to a sentence reduction agreement where there was nothing in the record to indicate that defendant submitted "a requested instruction" in writing and before the charge, as required by G.S. 15A-1231(a) and where the court did instruct the jury that the accomplice was an "interested witness" and that the jury should "examine every part of her testimony with the greatest care and caution."

**3. Criminal Law § 86.2— cross-examination of defendant concerning prior criminal record—no error**

G.S. 14-7.5 only precludes revealing to the jury the indictment which shows that defendant is a habitual felon, and does not prevent the prosecution from cross-examining defendant concerning his prior criminal record.

**4. Criminal Law § 80.1— foundation for copies of judgments against defendant—procedure governing evidence of prior convictions—proper**

The procedure of G.S. 14-7.4, governing evidence of prior convictions, is not unconstitutionally vague, and defendant failed to show that the prosecution did not lay a proper foundation for copies of judgments in prior proceedings against defendant.

**5. Criminal Law § 138— aggravating factor of pecuniary gain improperly considered**

In a prosecution for breaking and entering, larceny, receiving, possession of stolen goods, and safecracking, the trial court erred in considering as an aggravating factor that the offense of possession of stolen goods was committed for hire or pecuniary gain since there was no evidence that defendant was hired to commit the offense. G.S. 15A-1340.4(a)(1)(c).

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 23 September 1982 in Superior Court, WAYNE County. Heard in the Court of Appeals 28 November 1983.

A church in Goldsboro was broken into and numerous items of silver, collectors' coins, jewelry, and other valuables, with a value of $7,857.00 were taken. Information developed through the Police Information Network led to the location of the silver, the arrest of several persons, and in turn to the eventual apprehension of defendant in Texas.

Defendant was indicted on felony charges of breaking and entering, larceny, receiving, possession of stolen goods, and safecracking. A habitual felon charge was later added to the indictment. At trial, the State's evidence tended to show the following: An accomplice testified that defendant came to her house on the morning of the break-in and asked about getting rid of some silver. After she and others living there agreed to help, she drove with defendant to South Carolina where they sold the silver. They received cash, as well as a check which defendant cashed two days later. The accomplice testified under a sentence reduction agreement.

The State also presented evidence from an FBI agent who interviewed defendant in Texas. The agent testified that defendant admitted helping the accomplice sell the silver, despite suspicions as to its origin, but that he only drove her around and received a small amount for his trouble. Defendant admitted signing a receipt from the store in South Carolina and cashing the check, but said he gave the money to her.

Defendant did not testify. He did not raise any significant new or contradictory substantive evidence on cross-examination, but concentrated on the credibility of witnesses and the sufficiency of the circumstantial evidence to defend against the charges. The jury returned verdicts of not guilty of breaking and entering, larceny, and safecracking, and guilty of possession of stolen goods.

At the separate hearing on the habitual felon charge, law enforcement officers presented evidence that defendant had prior convictions of (1) breaking and entering and larceny, (2) possession of a firearm by a felon, and (3) breaking and entering. Defendant

offered no evidence. The jury found him guilty of being an habitual felon. Defendant received a sentence of forty years imprisonment.

*Attorney General Edmisten, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Barnes, Braswell & Haithcock, P.A., by Tom Barwick, for defendant appellant.*

JOHNSON, Judge.

I

[1] The State introduced over defendant's objection, photostatic copies of the check and receipt from the buyer of the silver. Defendant contends that this violated the "best evidence rule," which requires production of originals. Had the contents of the check been at issue, we would agree. However, defendant admits signing the receipt and accepting the check made out to him. The only question before the jury was his purpose in so doing, not the issuance or terms of the documents. It is well settled that the best evidence rule applies only where the contents or terms of the document are controverted. *State v. Fox*, 277 N.C. 1, 175 S.E. 2d 561 (1970); *see* 2 H. Brandis, N.C. Evidence § 191 (1982). Therefore, this assignment of error is without merit.

II

Defendant next contends that the court improperly admitted, during the accomplice's testimony, hearsay evidence of statements made by two others in conversation with defendant regarding plans to split up the items and sell them. We fail to see how this reflects significantly on defendant's own conduct. Defendant has the burden of showing prejudice, and that a different result would have been reached absent this evidence. G.S. 15A-1443(a); *State v. Jeffers*, 48 N.C. App. 663, 269 S.E. 2d 731 (1980), *disc. review denied and appeal dismissed*, 301 N.C. 724, 276 S.E. 2d 285 (1981). In light of the testimony that defendant physically brought the items into the house and his own statements that they should split up the items, and that he had actually gone to the store and signed the receipt, we do not find any prejudice.[1]

---

1. Defendant relies on *State v. Fowler*, 270 N.C. 468, 155 S.E. 2d 83 (1967), for the proposition that we should find error and reverse *ex mero motu*. The holding in

## III

**[2]** Because the accomplice testified pursuant to a sentence reduction agreement, defendant argues that the court committed reversible error in only giving an accomplice instruction. Where testimony is given pursuant to such "quasi-immunity," the trial court is not required to give a special interested witness instruction absent a request. *State v. Bare,* 309 N.C. 122, 305 S.E. 2d 513 (1983); *State v. Maynard,* 65 N.C. App. 81, 308 S.E. 2d 665 (1983). While the record contains a "requested instruction," there is nothing in the record to indicate that defendant submitted it in writing and before the charge, as required by law. G.S. 15A-1231(a); *State v. Harris,* 47 N.C. App. 121, 266 S.E. 2d 735 (1980), *cert. denied,* 305 N.C. 762, 292 S.E. 2d 577 (1982). In fact, the request bears no signature of counsel, so we cannot be certain it was submitted at all. Apparently, defense counsel orally offered to type up such an instruction, but no indication of its submission is contained in the record on appeal. Our appellate courts have consistently held that the appellant has the duty to see that the record is properly made up. *State v. Felmet,* 302 N.C. 173, 273 S.E. 2d 708 (1981); *State v. Pennell,* 54 N.C. App. 252, 283 S.E. 2d 397 (1981), *disc. review denied and appeal dismissed,* 304 N.C. 732, 288 S.E. 2d 804 (1982). The record before us does not support defendant's contention. We note that defense counsel, although he had an opportunity to object to the instructions at the end of the charge, did not do so. *See* App. R. 10(b)(2). It also appears that the prosecution undertook to show fully to the jury the nature of the agreement under which the accomplice testified. Finally, the court did instruct the jury that the accomplice was an "interested witness" and that the jury should "examine every part of her testimony with the greatest care and caution." In light of all these circumstances, and on the record before us, we do not find reversible error.

---

*Fowler* was grounded expressly on the fact that it was a capital case, however. *State v. Jackson,* 287 N.C. 470, 215 S.E. 2d 123 (1975) is also distinguishable: there substantial alibi testimony contradicted the State's eyewitness, and the incompetent hearsay was an official police document which constituted an official accusation, signed by a magistrate.

## IV

[3] The trial court denied defendant's motion *in limine* to prevent the State from cross-examining him on his prior criminal record. In so doing, the court rejected his argument, which defendant renews here, that G.S. 14-7.5 precludes such cross-examination when a defendant is tried on a habitual felon charge. We find nothing in the statute or the case law to support this contention: the statute requires only that "the indictment that the defendant is an habitual felon shall not be revealed to the jury . . ." during trial on the underlying offense. *Id.* It is well established that, if the accused takes the stand in his own behalf, he may be questioned about prior convictions, with a few exceptions not applicable here. *State v. Ross*, 295 N.C. 488, 246 S.E. 2d 780 (1978). We find no evidence that the jury knew of the habitual felon indictment during the trial on the underlying offense, and, therefore, conclude that this assignment is without merit.

## V

Finally, defendant raises several challenges to his conviction and sentence as an habitual felon.

### A

[4] The State produced law enforcement officers who were present at prior proceedings against defendant to testify concerning the offenses involved and lay a foundation for copies of the judgments. Defendant contends that this procedure does not suffice, and that G.S. 14-7.4, governing evidence of prior convictions, is unconstitutionally vague. G.S. 14-7.4 is very similar in form and purpose to G.S. 8-35, "Authenticated copies of public records," and the procedure followed was more than sufficient according to the cases decided under that statute. *See State v. Watts*, 289 N.C. 445, 222 S.E. 2d 389 (1976); *State v. Herald*, 10 N.C. App. 263, 178 S.E. 2d 120 (1970). Defendant has not brought forward copies of the judgments as exhibits, so we must presume that the trial court did not abuse its discretion in admitting them into evidence. *State v. Sanders*, 280 N.C. 67, 185 S.E. 2d 137 (1971). Defendant's constitutional contention is similarly without merit.

### B

Upon a conviction as an habitual felon, the court must sentence the defendant for the underlying felony as a Class C felon.

G.S. 14-7.6. A Class C felon is punishable by up to 50 years or life imprisonment, G.S. 14-1.1(a)(3); the presumptive sentence is 15 years. G.S. 15A-1340.4(f)(1).

Here, the trial court found as aggravating factors (1) that the offense was committed for hire or pecuniary gain, (2) that the offense involved property of great monetary value or caused great monetary loss, and (3) that defendant had a prior conviction or convictions. The court found no mitigating factors, and sentenced defendant to 40 years. Defendant concedes that the sentence does not exceed the statutory limits, but argues that by comparison with other felonies the sentence is disproportionately long and, therefore, in violation of the Eighth Amendment.

Because we decide that the trial court erred as a matter of state law in sentencing defendant, we need not reach his constitutional contention. *See Williams v. Williams*, 299 N.C. 174, 261 S.E. 2d 849 (1980).

> When a convicted felon is given a sentence in excess of the presumptive sentence, he may appeal as a matter of right, and the only question before the appellate court on such an appeal is whether the sentence is supported by evidence introduced at trial and the sentencing hearing. G.S. 15A-1444(a1).

*State v. Teague*, 60 N.C. App. 755, 757, 300 S.E. 2d 7, 8 (1983). We treat defendant's constitutional challenge as such an appeal, and hold that the trial court erred in imposing the sentence in this case.

[5]  Our cases are clear that the language "for pecuniary gain" in former G.S. 15A-1340.4(a)(1)(c) does not allow the court to find this as an aggravating factor where it is inherent in the offense itself. *State v. Thompson*, 62 N.C. App. 585, 303 S.E. 2d 85 (1983). The recent clarification of G.S. 15A-1340.4(a)(1)(c) to read "the defendant was hired or paid to commit the offense" reinforces this reading. *State v. Thompson, supra.* We find no evidence that defendant was hired to commit the offense; the fact of possession, or the subsequent sale, of the stolen goods may not be thus considered. The court erred in making this finding. We must assume that every factor in aggravation contributed to the severity of the sentence, and, therefore, we must remand for resentencing.

*State v. Ahearn,* 307 N.C. 584, 300 S.E. 2d 689 (1983). We find no error with the other aggravating factors, however.[2]

We have considered defendant's remaining assignments of error and find them to be without merit.

We conclude that in the guilt-innocence and habitual felon phases of the trial, no prejudicial error appears in the record before us. However, we remand to correct error in the sentencing.

Remanded for resentencing.

Chief Judge VAUGHN and Judge BECTON concur.

2. While it may be that considering prior convictions in aggravation of an habitual felon sentence is duplicative, we find no authority to hold such a practice improper.