STATE OF NORTH CAROLINA v. CLARENCE ANTONIO OWENS

No. COA02-1469

(Filed 7 October 2003)

**1. Larceny; Possession of Stolen Property— larceny and possession—same property—only one conviction**

While a defendant may be indicted and tried on charges of larceny and possession of the same property, the defendant may be convicted of only one of those offenses. Therefore, where

the trial court entered judgment for felonious larceny and felonious possession of the same cigarettes, judgment should have been arrested as to the felonious possession conviction, and the consolidation of the convictions for judgment did not cure this error.

## 2. Appeal and Error— meaningful review—video recording

The recording of jury selection with only microphones and a video camera did not deprive a larceny defendant of meaningful appellate review. Although there were numerous notes in the transcript concerning the lack of an audible or visual response from the jurors, the context of the questioning and the likely responses were ascertainable from the record.

## 3. Larceny— sufficiency of evidence

There was sufficient evidence to deny defendant's motion to dismiss a charge of felonious larceny of cigarettes valued at $3,500 from a food store.

## 4. Evidence— subsequent offenses—lapse of time—similarity of circumstances

The trial court did not abuse its discretion in a larceny prosecution by admitting evidence of break-ins which occurred nine and twelve months after the break-in for which defendant was charged. The lapse of time was not too remote considering the similarities between the incidents.

## 5. Evidence— prior offense—habitual felon conviction

The trial court did not err in a larceny prosecution by allowing defendant to be questioned about a previous habitual felon conviction. N.C.G.S. § 14-7.5 only prohibits informing the jury of habitual felon indictments which are pending.

## 6. Criminal Law— prosecutor's argument—not prejudicial

Defendant suffered no prejudicial error from comments in the prosecutor's closing argument in a prosecution for larceny and possession of stolen goods.

Appeal by defendant from judgment dated 6 February 2002 by Judge D. Jack Hooks, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 10 September 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Jeffrey R. Edwards, for the State.*

*Jeffrey Evan Noecker for defendant-appellant.*

BRYANT, Judge.

Clarence Antonio Owens (defendant) appeals a judgment and commitment dated 6 February 2002 entered consistent with a jury verdict finding him guilty of felonious larceny and felonious possession of stolen goods.

On 7 November 2000, defendant was indicted on charges of felonious breaking and entering, felonious larceny, felonious possession of stolen goods, and conspiracy to commit felonious breaking and entering. With respect to the charge of felonious larceny, the indictment stated in pertinent part that defendant "unlawfully, willfully and feloniously did steal, take and carry away assorted cigarettes, the personal property of Economy Food Center, Incorporated . . . having a total value of . . . $3,500.00." Defendant was also separately indicted for being a habitual felon.

The evidence at trial revealed that an Economy Food store in Cumberland County, North Carolina was broken into during the early morning hours of 14 February 2000. The perpetrator, who was caught on tape by the store's surveillance camera, had shattered the glass door of the business to gain entrance, thereby triggering the store's alarm system, and loaded approximately $3,500.00 worth of cigarette cartons into a white agricultural bag. The identity of the perpetrator could not be determined from the video footage as he was wearing a mask. Nobody was present at the scene when the police arrived.

At approximately nine o'clock in the morning on 15 February 2000, James Smith, a local pharmacist, was driving on a road near the Economy Food store when he noticed a van parked on his grandfather's farm. When Smith stopped to investigate, he saw a woman sitting on the passenger side of the van. Smith asked the woman if she was having car trouble, to which she replied "No." The woman appeared very nervous, and upon further inquiry by Smith, she said she was waiting for her brother. Having become suspicious of the situation, Smith began following a trail of footprints he saw on the ground leading away from the van and noticed a man pulling a large white bag. Smith called out to the man, asking what he was doing, and then placed a telephone call on his cell phone to his neighbor, a

state highway patrolman, asking him to come over. Subsequently, Smith again asked the man what he was doing on the property and also inquired about the contents of the bag. The man initially told Smith "it didn't concern [him]." Some moments later though, the man explained he was "doing this for Chief," whom he claimed to be the owner of the property. Shortly thereafter the man "took off running," leaving the bag behind. When Smith looked inside the abandoned bag, he saw that it was full of cigarettes. At trial, Smith identified defendant as the man he had seen that day.

Sherman Ammons, whose nickname is "Chief," testified that he was currently serving a prison sentence pursuant to a plea agreement for his involvement in the break-in of the Economy Food store on 14 February 2000. Ammons testified that on that date, he and defendant had driven around to locate a suitable store to break into for cigarettes. After having chosen the Economy Food store, defendant put on his gloves and ski mask. Ammons, the driver, pulled up to the store front, and defendant exited the vehicle and retrieved his bag from the trunk. According to Ammons, this bag was the same one abandoned in Smith's presence on 15 February 2000 and introduced into evidence at trial. Defendant then broke the glass panel of the store door with a bolt cutter, thereby setting off the alarm, which in turn prompted Ammons to drive away as defendant stepped inside the store. Around nine in the morning on 15 February 2000, Ammons received a telephone call from defendant asking him to pick defendant up on a dirt road approximately two and a half to three miles from the Economy Food store. When Ammons met defendant at the arranged location, defendant told him he had hidden the bag of cigarettes in a barn; but when he returned to the place with his sister to collect it, he ran away without the bag when the property owner noticed him.

The State further introduced evidence of two additional break-ins committed by defendant in Cumberland County that occurred between 14 February 2000 and the time of defendant's arrest. This evidence included a break-in at a B.P. gas station during the early morning hours on 27 November 2000, which also involved the breaking of a glass door for entry and the carrying away of cartons of cigarettes in a large white bag. At the scene, a police officer was able to identify defendant in flight and dropping the bag of stolen cigarettes in the process. The other incident occurred on 21 February 2001, a little over a year after the Economy Food store break-in. During a police surveillance operation at the Smokers' Depot in

Fayetteville, a vehicle arrived, from which a man carrying a white agricultural bag exited. The man shattered the glass front door of the business and proceeded toward a display case of Newport cigarettes. After placing the cigarettes in his bag, the man became aware of the police and fled. Two officers at the scene, however, were able to identify the man as defendant. The police searched for defendant, but did not find and arrest him until 8 March 2001.

At the conclusion of the State's evidence, defendant made a motion to dismiss all the charges. The motion was denied, and defendant testified in his own defense, denying participation in the Economy Food store break-in. During cross-examination, the State asked defendant about his prior convictions, including having previously been found to be a habitual felon. At the end of all the evidence, defendant renewed his motion to dismiss, which the trial court denied. The jury returned a verdict finding defendant guilty of felonious larceny and felonious possession of stolen goods but deadlocked as to the charges of felonious breaking and entering and conspiracy to commit felonious breaking and entering. Subsequently, the trial court entered judgment as to both felonious larceny and felonious possession of stolen goods and sentenced defendant as a habitual felon.

_____

The issues on appeal are whether: (I) the trial court erred in failing to arrest judgment on the felonious possession of stolen goods conviction; (II) the incomplete recording of the trial proceedings deprived defendant of his right to meaningful appellate review; (III) the trial court erred in denying defendant's motion to dismiss; (IV) the trial court abused its discretion in admitting evidence of the additional break-ins; (V) it was plain error for the trial court to allow the State to question defendant on his status as a habitual felon; and (VI) the trial court's failure to intervene and declare a mistrial based on certain comments by the State amounted to plain error.

I

**[1]** Our review of the record on appeal has revealed a substantial error relating to the judgment in this case that has not been raised by defendant. We thus exercise our discretion under the North Carolina Rules of Appellate Procedure to address this error. *See* N.C.R. App. P. 2. In entering judgment on both the felonious larceny and possession convictions, which were based on the taking and possession of the same items, i.e. $3,500.00 worth of cigarettes, the trial court violated the rule established in *State v. Perry* that while a

defendant may be indicted and tried on charges of larceny and possession of the same property, the defendant may be convicted of only one of the offenses. *State v. Perry*, 305 N.C. 225, 236-37, 287 S.E.2d 810, 817 (1982); *see State v. Adams*, 331 N.C. 317, 333, 416 S.E.2d 380, 389 (1992). The judgment should therefore have been arrested as to the felonious possession conviction. *See State v. Hargett*, 157 N.C. App. 90, 93, 577 S.E.2d 703, 705 (2003). Because consolidation of the convictions for judgment does not cure this error, we vacate that portion of the judgment and remand for entry of judgment and sentencing on the larceny conviction. *See State v. Barnett*, 113 N.C. App. 69, 78, 437 S.E.2d 711, 717 (1993).

## II

[2] In his first assignment of error, defendant contends the failure to properly record the criminal proceedings effectively deprived him of the right to meaningful appellate review, entitling him to a new trial. In his brief to this Court, defendant explains that, prior to trial, he had moved for and was allowed recordation of all the proceedings; yet, during jury selection, conducted in a different courtroom, no court reporter or transcriptionist was present and only microphones and a video camera were used. As a result, there are numerous places in the transcript where the transcriptionist who prepared the transcript for appeal noted that there was "[n]o audible response" and that she was "unable to see a visual response" from the potential jurors.

Defendant, however, makes no attempt to explain to this Court how he was prejudiced at the trial level. As this Court has previously held, "the use of general allegations [of prejudice] is insufficient to show reversible error resulting from the loss of specific portions of testimony caused by gaps in recording." *In re Clark*, 159 N.C. App. 75, 80, 582 S.E.2d 657, 660 (2003) (rejecting the respondent's argument for a new trial after she had "generally asserted that the failure to record all of the testimony . . . was prejudicial, [but had] point[ed] to nothing specific in the record to support her argument"). Moreover, a review of the transcript reveals that all of the questions posed by counsel prior to and comments made immediately following the missing responses are included in the transcript and at no point was such a missing response followed by an objection from defense counsel. Because the context of the questioning and the likely responses that were elicited from the potential jurors are therefore ascertainable from the record, defendant was not denied meaningful appellate review, *see State v. Hammonds*, 141 N.C. App. 152, 166, 541 S.E.2d

166, 177 (2000) (overruling the defendant's argument where a "review of the record . . . satisfie[d the Court] that while some specific portions of the record [were] indeed lost, in every case the context of the purportedly objectionable rulings [could] be reconstructed"), *aff'd,* 354 N.C. 353, 554 S.E.2d 645 (2001) (per curiam), and his argument is without merit.

### III

[3] We next address defendant's argument that the trial court erred in denying his motion to dismiss the charge of felonious larceny.[1]

In order to withstand a motion to dismiss, the State must present substantial evidence of each essential element of the offense and of the defendant's identity as the perpetrator. *State v. Riddle,* 300 N.C. 744, 746, 268 S.E.2d 80, 81 (1980). "Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Morgan,* 111 N.C. App. 662, 665, 432 S.E.2d 877, 879 (1993). In reviewing the trial court's denial of a motion to dismiss, the evidence must be construed in the light most favorable to the State. *State v. Neal,* 109 N.C. App. 684, 686, 428 S.E.2d 287, 289 (1993). To convict a defendant of felonious larceny, it must be shown that he: (1) took the property of another, (2) with a value of more than $1,000.00, (3) carried it away, (4) without the owner's consent, and (5) with the intent to deprive the owner of the property permanently. *State v. Reeves,* 62 N.C. App. 219, 223, 302 S.E.2d 658, 660 (1983); N.C.G.S. § 14-72(a) (2001).

In this case, the evidence, taken in the light most favorable to the State, established all the elements of felonious larceny. Ammons testified that he and defendant had agreed to break into the Economy Food store to steal cigarettes and that he had seen defendant, who was equipped with a large white bag, break the glass door of the store and enter the building. Ammons left when the store's alarm went off but met defendant again the next morning. At this meeting, defendant told Ammons he had hidden the bag containing the stolen cigarettes in a barn near the store but had abandoned it after the property owner appeared. This version of the events is corroborated by Smith's testimony of having seen defendant on his grandfather's farm attempting to carry away a large bag filled with cigarettes. In addition, the cigarettes stolen from the Economy Food store were valued

---

1. Defendant also assigned as error the trial court's denial of his motion to dismiss the charge of felonious possession of stolen goods. In light of our decision to vacate the judgment as to that conviction, we need not address this issue.

at $3,500.00, thus exceeding the required threshold amount for felonious larceny. *See* N.C.G.S. § 14-72(a). As this evidence was sufficient to overcome defendant's motion to dismiss, this assignment of error is overruled.

## IV

[4] Defendant also contends the trial court abused its discretion in admitting evidence of the additional break-ins that occurred after 14 February 2000. Defendant concedes in his brief to this Court that this evidence was properly admitted under Rule 404(b) of the North Carolina Rules of Evidence for the purpose of establishing identity, *modus operandi,* and common plan or scheme and restricts his argument to whether the probative value of the evidence outweighed the danger of unfair prejudice under Rule 403.

Rule 403 requires the trial court to determine "whether the incidents are sufficiently similar and not too remote in time so as to be more probative than prejudicial." *State v. Schultz,* 88 N.C. App. 197, 202, 362 S.E.2d 853, 857 (1987), *aff'd,* 322 N.C. 467, 368 S.E.2d 386 (1988) (per curiam). The required degree of similarity is that which results in the jury's "reasonable inference" that the defendant committed both the prior and present acts. *State v. Stager,* 329 N.C. 278, 304, 406 S.E.2d 876, 891 (1991). The decision to exclude evidence under Rule 403 is a matter within the sound discretion of the trial court. *State v. White,* 349 N.C. 535, 552, 508 S.E.2d 253, 264-65 (1998).

Although the additional break-ins occurred nine and twelve months after the Economy Food store break-in, this lapse of time is not too remote considering the great similarity between these incidents and the Economy Food store break-in in terms of the identity of the perpetrator, the method of entry, the type of bag used, and the goods stolen. *See State v. Wortham,* 80 N.C. App. 54, 62, 341 S.E.2d 76, 81 (1986) ("[e]vidence may be admitted even though remote in time, if its 'signature' value is high"), *rev'd in part on other grounds,* 318 N.C. 669, 351 S.E.2d 294 (1987). Defendant was identified by police officers at both the 27 November 2000 and the 21 February 2001 break-in; defendant gained entry to the stores in the same manner as was employed at the Economy Food store, i.e. shattering the glass panel of the front door; and during each break-in, the perpetrator used a large white bag to carry away cartons of cigarettes. Based on the signature value of this evidence, the trial court therefore did not abuse its discretion in concluding that any prejudi-

cial effect was substantially outweighed by the probative value of admitting the evidence.

V

**[5]** Defendant further asserts it was plain error for the trial court to allow the State to question defendant with respect to his having previously attained the status of habitual felon. We disagree.

During cross-examination, the State made inquiry as to defendant's criminal record, concluding with the questions, answered in the affirmative by defendant, "What about being a[] habitual felon?" and "[Y]ou, sir, are a[] habitual felon, isn't that correct?" Defendant argues this was in violation of N.C. Gen. Stat. § 14-7.5, which prohibits the State from revealing to the jury the existence of a *pending* habitual felon indictment unless the defendant has already been found guilty of the principal felony charged. *See* N.C.G.S. § 14-7.5 (2001). In this case, however, the State's questions did not refer to the pending habitual felon indictment against defendant but simply served to elicit information on defendant's criminal record, including a *previous* habitual felon conviction. *See State v. Aldridge,* 67 N.C. App. 655, 659, 314 S.E.2d 139, 142 (1984) ("[i]t is well established that, if the accused takes the stand in his own behalf, he may be questioned about prior convictions"). Thus, section 14-7.5 was not violated. *See id.* (finding no violation of section 14-7.5 in the absence of any evidence that the jury knew of the present habitual felon indictment during the trial on the underlying offense). Accordingly, the trial court did not err in failing to intervene during this line of questioning.

VI

**[6]** In his next assignment of error, defendant contends the trial court's failure to intervene and declare a mistrial based on certain comments by the State during closing arguments amounted to plain error.

Plain error analysis requires a defendant to show a " 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.' " *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill,* 676 F.2d 995, 1002 (4th Cir. 1982) (footnote omitted)). After a thorough review of the transcript in this case, we conclude that none of the State's comments constituted error; however, even if they had

amounted to error, considering the evidence presented against defendant at trial (as discussed in issue III), defendant cannot show that the comments were so prejudicial as to amount to plain error. Consequently, this assignment of error is overruled.

In light of the need to remand this case for resentencing, we do not address defendant's remaining assignment of error challenging his sentence.

Trial—no error.

Sentencing—vacate felonious possession of stolen goods conviction and remand for resentencing on felonious larceny conviction.

Judges MARTIN and GEER concur.