NO. COA13-422

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

   v.

JAMAL ANTONIO MCRAE

Robeson County
No. 09 CRS 52253

Appeal by defendant from judgment entered 3 September 2012 by Judge Thomas H. Lock in Robeson County Superior Court. Heard in the Court of Appeals 21 October 2013.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Kay Linn Miller Hobart, for the State.*
>
> *Law Office of Glenn Gerding, by Glenn Gerding for defendant-appellant.*

STEELMAN, Judge.

Where the State alleged a particular felony as the basis for first-degree kidnapping, and then failed to prove the elements of that felony, the State failed to present evidence of each element of first-degree kidnapping. The trial court erred in denying defendant's motion to dismiss the kidnapping charge.

## I. Factual and Procedural Background

On 26 March 2009, J.M., a 17 year-old high school student, was in her vehicle at a Burger King restaurant. Two men approached her vehicle. One of them, a black man who J.M. identified as Jamal McRae (defendant), was holding a small black handgun. At defendant's urging, J.M. moved into the passenger seat, and defendant climbed into the driver's seat. Another man got into the back seat of the vehicle. Held at gunpoint, J.M. gave defendant directions to go to Fayetteville. Later, at gunpoint, defendant forced J.M. to sexually gratify him. Defendant later forced J.M. into the trunk of the vehicle, and drove around for 30-45 minutes. J.M. found the trunk release and when she heard the speaker for a drive-through, she got out of the trunk and ran into the Burger King.

Defendant was charged with one count of first-degree rape, two counts of first-degree sexual offense, one count of first-degree kidnapping, one count of robbery with a dangerous weapon, one count of conspiracy to commit robbery with a dangerous weapon, one count of conspiracy to commit kidnapping, and one count of assault with a deadly weapon with intent to kill. At the close of State's evidence, and then the close of all of the evidence, defendant made a motion to dismiss the charges against him. The

trial court denied these motions. Defendant was found guilty of all counts. The jury also found four aggravating factors. The trial court arrested judgment on the conviction for conspiracy to commit second-degree kidnapping, and sentenced defendant to the following aggravated active sentences: (1) 420-513 months imprisonment for first-degree rape; (2) 420-513 months for two consolidated first-degree sexual offenses; (3) 144-182 months for first-degree kidnapping; (4) 120-153 months for robbery with a firearm; and (5) 36-53 months for the consolidated charges of assault with a deadly weapon with intent to kill and conspiracy to commit robbery with a firearm. All of these sentences were to run consecutively. The trial court further ordered defendant to register as a sex offender, and to be subject to satellite-based monitoring for the rest of his life.

Defendant appeals.

## II. Motion to Dismiss

In his sole argument on appeal, defendant contends that the trial court erred in denying his motion to dismiss the charge of first-degree kidnapping. We agree.

## A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

"'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

## B. Analysis

The indictment charging defendant with first-degree kidnapping alleged that defendant confined, restrained, and removed J.M. from one place to another "for the purpose of facilitating the commission of a felony, larceny of a motor vehicle." Defendant contends that the State failed to present evidence of each element of this underlying felony, and therefore failed to satisfy each of the elements of the offense of first-degree kidnapping.

The State is not required to set forth in an indictment for kidnapping the specific felony that the kidnapping facilitated. *State v. Yarborough*, 198 N.C. App. 22, 26, 679 S.E.2d 397, 403 (2009), *cert. denied*, 363 N.C. 812, 693 S.E.2d 143 (2010). However, "[w]hen an indictment alleges an intent to commit a particular felony, the state must prove the particular felonious intent alleged."  *Id*. at 27, 679 S.E.2d at 403 (quoting *State v. White*, 307 N.C. 42, 48, 296 S.E.2d 267, 270 (1982)).

For a larceny to be a felony, the value of the goods stolen must exceed $1,000; otherwise, the larceny is a misdemeanor.  N.C. Gen. Stat. § 14-72(a) (2011).  Therefore, the value of the goods stolen is an integral element of the crime of felony larceny.  *See State v. Owens*, 160 N.C. App. 494, 500, 586 S.E.2d 519, 523-24 (2003).

In the instant case, defendant was charged with the robbery of J.M.'s motor vehicle under the robbery with a dangerous weapon charge.  In that indictment, the State alleged that the vehicle had a value of approximately $2,500.  However, at trial, the State presented no evidence of the value of the vehicle.  Thus, at the close of the its evidence, the State had failed to present evidence of intent to commit felony larceny.  The charge of first-degree kidnapping explicitly stated that the kidnapping was for the

purpose of felicitating felony larceny, not robbery with a firearm which would not have required proof of the value of the vehicle. The State failed to present evidence of all of the elements of felony larceny, which was necessary to support a conviction of first-degree kidnapping. We therefore hold that the trial court erred in denying defendant's motion to dismiss the charge of first-degree kidnapping.

We reverse defendant's conviction for first-degree kidnapping, and remand these cases to the trial court for resentencing. Since defendant does not contest his other convictions on appeal, we hold that there was no error as to these convictions. N.C. R. App. P. 28(b)(6).

NO ERROR IN PART, REVERSED AND REMANDED IN PART.

Chief Judge MARTIN and Judge DILLON concur.