HUNTER, JR., Robert N., Judge, Dissenting.
Defendant was indicted for two counts of second degree kidnapping. The first indictment charges him with kidnapping Refegio Pina in connection with the attempted armed robbery of Christopher Cowles's cell phone. The second indictment charges Defendant with kidnapping Christopher Cowles, Count I, "by using, displaying, or threatening the use or display of a firearm and the defendant did actually possess the firearm about the defendant's person." Count II is an assault with a deadly weapon charge alleging Defendant struck Collins in the head with a handgun. Count III is an assault with a deadly weapon charge alleging Defendant struck *531 Pina in the head with a handgun. While the attempted armed robbery against Cowles took place in the downstairs of the home, the assaults against Collins and Pina took place upstairs. In *120 an indictment charging kidnapping, the State does not have to "set forth ... the specific felony that the kidnapping facilitated." State v. McRae, 231 N.C.App. 602, 752 S.E.2d 731 (2014) (citation omitted). Nonetheless, the armed robbery of Cowles, and the assaults on Collins and Pina are contained in the kidnapping indictments and we should examine their factual bases as predicates for the kidnapping charges.
As the majority opinion points out, all of the criminal acts took place within Martin's home. The majority makes a distinction that the asportation of Pina and Cowles took place when they were moved from the downstairs living room to the upstairs bedroom. The majority contends these asportations were separate acts from the attempted robbery against Cowles, which occurred downstairs, and the assault on Collins, which occurred upstairs. In my view, these individual crimes occurred throughout the home and were all part of an overall plan to rob Collins inside the home. I dissent because our precedent holds that all criminal acts that are part of a robbery transaction cannot be so carefully parsed as to create separate kidnapping crimes. See State v. Irwin, 304 N.C. 93, 103, 282 S.E.2d 439, 446 (1981) ; State v. Ripley, 172 N.C.App. 453, 617 S.E.2d 106 (2005), affirmed, 360 N.C. 333, 626 S.E.2d 289 (2006). To adopt the majority's view would make the technical asportation defense under the double jeopardy clause incapable of consistent application and render it judicially unmanageable.
I agree that the majority has cited the appropriate test to be applied from Ripley, 360 N.C. at 340, 626 S.E.2d at 293-94. It is clear the restraint of Pina and Cowles "facilitated" Defendant's ability to rob Collins. Defendant transferred Pina and Cowles to prevent them from calling for help during the robbery. It is difficult to understand how putting them upstairs while the robbery was in progress placed them in a heightened danger. If one were to apply the rule advanced by the majority here, it is clear Defendant was indicted for kidnapping Cowles in connection with assaulting Collins upstairs by striking him in the head with a handgun. The analysis, as I understand the majority opinion, would entitle Defendant to a have at least one of the kidnapping judgments arrested. I think aptly the Supreme Court precedent would require both kidnapping charges be arrested and we should remand the case to the trial court for a new sentencing hearing.