STATE OF NORTH CAROLINA v. CARL WILLIAMS

No. 8416SC637

(Filed 21 May 1985)

**Criminal Law § 138.11— armed robbery—greater sentence after second trial—no error**

> There was no error in sentencing defendant to a term of fourteen years after a retrial for armed robbery where the original sentence was twelve years. G.S. 14-87(d) prohibits the imposition of a sentence of less than fourteen years for armed robbery; G.S. 15A-1335 prohibits a more severe sentence after a new trial or resentencing because of reweighing aggravating factors or because of new aggravating factors, but did not apply here because the trial judge imposed the minimum and presumptive sentence and did not weigh aggravating factors.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 20 March 1984 in Superior Court, ROBESON County. Heard in the Court of Appeals 5 March 1985.

Defendant was tried and found guilty of armed robbery. Judgment was entered 23 February 1982, and defendant was sentenced to twelve years of imprisonment. This court granted defendant's motion for appropriate relief and ordered a new trial on 9 January 1984. On retrial defendant was again found guilty of armed robbery and was sentenced to a term of fourteen years, with credit for time already served.

*Attorney General Edmisten by Assistant Attorney General Marilyn R. Rich for the State.*

*Gary Lynn Locklear for defendant-appellant.*

PARKER, Judge.

The only issue presented is whether the trial court erred by resentencing defendant for a term greater than his original sentence. As this question is one of statutory construction and no error is assigned to defendant's trial, we do not find it necessary to present the State's and defendant's evidence. Simply stated, the question is whether defendant's sentence is controlled by G.S. 14-87(d) or G.S. 15A-1335.

General Statute 14-87(d), effective 1 July 1981, provides: "Notwithstanding any other provision of law, . . . [a] person convicted of robbery with firearms or other dangerous weapons shall receive a sentence of at least 14 years in the State's prison . . . ." Under this statute trial judges are prohibited from imposing a term of less than fourteen years. *State v. Morris*, 59 N.C. App. 157, 296 S.E. 2d 309 (1982), *review denied*, 307 N.C. 471, 299 S.E. 2d 227 (1983). As this court observed in *State v. Leeper*, 59 N.C. App. 199, 296 S.E. 2d 7, *review denied*, 307 N.C. 272, 299 S.E. 2d 218 (1982): "The language of N.C. Gen. Stat. 14-87(d) is unambiguous and its effect is clear. Any person convicted of armed robbery must receive no less than a 14 year sentence, notwithstanding any other provision of law. Thus, there is no room for judicial construction on this point." *State v. Leeper*, 59 N.C. App. at 201, 296 S.E. 2d at 8-9.

Defendant's position is that G.S. 15A-1335 prohibits a trial judge from imposing a new sentence for the same offense greater than the prior sentence:

When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

Defendant argues that *State v. Mitchell*, 67 N.C. App. 549, 313 S.E. 2d 201 (1984), supports his contention that G.S. 15A-1335 prohibits the trial judge from imposing a fourteen year sentence when his original sentence was twelve years. We do not agree for the reason that *Mitchell* is distinguishable on its facts and does not address the issue presented in the case *sub judice*.

Clearly, G.S. 15A-1335 applies to the situation where the trial judge is weighing aggravating and mitigating factors on resentencing a defendant or on sentencing a defendant after a new trial. The statute prohibits the trial judge from imposing a more severe sentence because of reweighing aggravating factors, or because of new aggravating factors. In the instant case, however, the trial judge did not weigh aggravating factors; therefore, G.S. 15A-1335 did not apply. In imposing a sentence of fourteen years the trial judge was imposing the minimum and the presumptive sentence, *State v. Morris, supra,* and he had no discretion to impose a sentence of less than fourteen years.

Affirmed.

Judges ARNOLD and EAGLES concur.