STATE OF NORTH CAROLINA v. JOHNNY THOMAS, JR., AKA JOHNNY THOMAS TAYLOR AKA THOMAS TAYLOR AKA JOHNNY COX AKA JOHNNY THOMPSON AKA SAMUEL COBB AKA WILLIAM DAVIS AKA NATHANIEL CLARK AKA THOMAS COX AKA JOHN THOMAS DARDEN AKA THOMAS DARDEN

No. 868SC337

(Filed 2 September 1986)

**Criminal Law § 141— habitual felon—treated as substantive offense—new hearing**

Defendant was entitled to a new sentencing hearing where the trial court treated a violation of the Habitual Felon Act as a separate substantive offense rather than as a punishment enhancer. N.C.G.S. § 14-7.6.

APPEAL by defendant from *Lewis, Jr., Judge.* Judgments entered 15 November 1985 in Superior Court, LENOIR County. Heard in the Court of Appeals 29 August 1986.

On 3 September 1985 defendant was indicted on charges of breaking and entering, larceny pursuant to a breaking and entering, receiving stolen goods and possessing stolen goods. Defendant was also charged in a separate bill of indictment as an habitual felon in violation of G.S. 14-7.1. The jury found defendant guilty of felonious breaking and entering, felonious larceny, and "being an habitual felon."

The court sentenced defendant to a term of seven years upon his conviction of felonious breaking and entering and felonious larceny, and in a separate judgment and commitment sentenced him to a fourteen year consecutive sentence for the offense of being an "Habitual Felon." Defendant appealed.

*Attorney General Thornburg, by Associate Attorney General James A. Wellons, for the State.*

*Paul Jones for defendant appellant.*

WHICHARD, Judge.

We have carefully considered defendant's first, second, and fourth assignments of error. We find no prejudicial error in any of them and accordingly overrule them.

In his third assignment of error defendant contends the court erred in sentencing him in a separate judgment and commitment as an habitual felon in violation of G.S. 14-7.1 because being an habitual felon is not a substantive crime. We agree.

In *State v. Allen*, 292 N.C. 431, 435, 233 S.E. 2d 585, 588 (1977), our Supreme Court stated:

> The only reason for establishing that an accused is an habitual felon is to enhance the punishment which would otherwise be appropriate for the substantive felony which he has allegedly committed while in such a status. The effect of such a proceeding "is to enhance the punishment of those found guilty of crime who are also shown to have been convicted of other crimes in the past." *Spencer v. Texas, supra,* 385 U.S. at 556. Being an habitual felon is not a crime but is a status the attaining of which subjects a person thereafter convicted of a crime to an increased punishment for that crime. The status itself, standing alone, will not support a criminal sentence. "The habitual criminal act . . . does not create a new and separate criminal offense for which a person may be separately sentenced but provides merely that the repetition of criminal conduct aggravates the guilt and justifies greater punishment than ordinarily would be considered." *State v. Tyndall,* 187 Neb. 48, 50, 187 N.W. 2d 298, 300, *cert. denied sub nom. Goham v. Nebraska,* 404 U.S. 1004 (1971).

Further, as this Court stated in *State v. Aldridge,* 67 N.C. App. 655, 659, 314 S.E. 2d 139, 143 (1984): "Upon a conviction as an habitual felon, the court must sentence the defendant for the underlying felony as a Class C felon."

Because the trial court erred in treating the violation of the Habitual Felon Act as a separate substantive offense rather than

as a punishment enhancer as required by *State v. Allen, supra*, defendant is entitled to a new sentencing hearing. At the new sentencing hearing each of the two underlying felonies herein should be treated as a Class C felony. G.S. 14-7.6.

The judgment in 85CRS7789 finding defendant guilty of being an habitual felon is vacated. The judgment finding defendant guilty of breaking or entering and larceny, 85CRS5711, is remanded for resentencing in accordance with this opinion.

In 85CRS7789, judgment vacated.

In 85CRS5711, remanded for resentencing.

Judges WELLS and MARTIN concur.