841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnny THOMAS, Petitioner-Appellant,
v.
Ernest SUTTON; Attorney General of North Carolina,
Respondents-Appellees.
 No. 87-7633.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 26, 1987.
Decided: Feb. 25, 1988.
 
 Johnny Thomas, appellant pro se.
 Richard Norwood League, Office of the Attorney General of North Carolina, for appellees.
 Before K.K. HALL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnny Thomas, a North Carolina inmate, appeals the dismissal of his habeas petition for failure to exhaust state remedies. In dismissing the petition, the district court declined to accept an express and unconditional waiver of the exhaustion requirement proffered by the state attorney general. See 28 U.S.C. Sec. 2254(b). Although we agree that Thomas failed to exhaust state remedies prior to filing the instant petition, we conclude that the district court abused its discretion in failing to accept the waiver of exhaustion.
 
 
 2
 Thomas was convicted in 1985 for breaking and entering, larceny, and being a habitual felon. He was sentenced to seven years imprisonment on the breaking and entering and larceny charges and to fourteen years on the habitual felon conviction, with the sentences to run consecutively. On appeal, the North Carolina Court of Appeals affirmed the convictions for larceny and breaking and entering; however, the court vacated the judgment finding Thomas guilty of being a habitual felon because, the court ruled, being a habitual felon is a status subjecting the convicted to greater punishment and not a substantive crime in itself. State v. Thomas, 82 N.C.App. 682, 347 S.E.2d 494 (1986), cert. denied, 320 N.C. 637, 360 S.E.2d 102 (1987). The court of appeals remanded the case for resentencing, ordering that Thomas be sentenced as a habitual felon on the larceny and breaking and entering convictions. Id. at 495; N.C.Gen.Stat. Sec. 14-7.6.
 
 
 3
 At the resentencing hearing, Thomas was sentenced to fourteen years imprisonment at the request of defense counsel. The court noted that this was the minimum punishment which could be imposed under the Habitual Felons Act. See N.C.Gen Stat. Sec. 14-7.1 et seq.
 
 
 4
 Thomas did not take an appeal from the resentencing order. Nor does it appear that Thomas presented any of the claims he raises in his habeas petition to the appellate courts of North Carolina at any other time. See N.C.Gen.Stat. Secs. 15A-1422, 17-6.
 
 
 5
 On October 22, 1986, Thomas filed the present application for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. In the petition, Thomas claimed that the fourteen year sentence imposed on resentencing violated his constitutional rights.
 
 
 6
 The respondents filed an answer expressly and unconditionally waiving the exhaustion requirement and addressing the merits of Thomas' claims. The district court, however, did not accept the waiver and dismissed the petition for failure to exhaust. Citing what it considered to be an ambiguity in the court of appeals' order remanding the case for resentencing, the district court reasoned that the state courts should first be given the opportunity to decide what effect should be given to the order. The district court explained that although the order purported to vacate the "judgment" finding Thomas guilty of being a habitual felon and not just the "sentence" imposed thereon, remanding the case for resentencing under the Habitual Felons Act would have been improper had the "judgment" actually been vacated.
 
 
 7
 A district court has discretion in deciding whether to accept a state's express and unconditional waiver of the exhaustion requirement. See Plunkett v. Johnson, 828 F.2d 954, 956 (2d Cir.1987); Thompson v. Wainwright, 714 F.2d 1495, 1508-09 (11th Cir.1983), cert. denied, 466 U.S. 962 (1984); Jenkins v. Fitzberger, 440 F.2d 1188 (4th Cir.1971). A district court confronted with such a waiver should determine whether "the interests of justice would be better served by addressing the merits of the habeas petition or by requiring additional state proceedings before doing so." Granberry v. Greer, 55 U.S.L.W. 4494, 4496 (U.S. Apr. 21, 1987) (No. 85-6790). The interests of comity and federalism should guide a district court in making the determination. Granberry, 55 U.S.L.W. at 4495-96; McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir.1984); Thompson, 714 F.2d at 1509. "In the usual case, ... federalism, expense to litigants, and the conservation of judicial resources are all served by honoring the waiver and deciding the merits." McGee, 722 F.2d at 1214 (footnote omitted); see also Jenkins, 440 F.2d at 1189.
 
 
 8
 Although the district court in this case was apparently aware that it had the authority to accept a waiver of exhaustion, it declined to do so, citing what it considered to be an ambiguity in the state court order remanding the case for resentencing. We see no such ambiguity. The order of the North Carolina Court of Appeals remanding Thomas' case for resentencing clearly indicated that although the conviction for "being an habitual felon" was vacated, Thomas was to be resentenced on remand for the other two felonies as a habitual felon. See State v. Thomas, 82 N.C.App. at 684, 347 S.E.2d at 495. The order did not affect the sentencing court's finding that Thomas should be sentenced as a habitual felon, but merely vacated the mechanism used by the court in adjudging Thomas a habitual felon, (i.e., a separate judgment convicting him of the substantive crime of being a habitual felon). As the order raised no ambiguity as to what the court of appeals meant, there was no need for the district court to require exhaustion for clarification of the order. Therefore, we conclude that the district court erred in failing to accept the proffered waiver.
 
 
 9
 We grant a certificate of probable cause to appeal. The decision of the district court is vacated and the case is remanded for a consideration of the merits of Thomas' petition. We dispense with oral argument because the facts and issues are adequately presented in the record and oral argument would not significantly aid our resolution of the issues.
 
 
 10
 VACATED AND REMANDED.