STATE OF NORTH CAROLINA v. COY HAVEN KIRKPATRICK

No. 8715SC864

(Filed 15 March 1988)

**Criminal Law § 138.13— resentencing—imposition of more severe sentence proper**
    Where the trial court is required by statute to impose a particular sentence on resentencing, N.C.G.S. § 15A-1335 does not apply to prevent the imposition of a more severe sentence.

APPEAL by defendant from *Battle, Judge.* Judgment entered 27 April 1987 in ALAMANCE County Superior Court. Heard in the Court of Appeals 2 February 1988.

At the 29 April 1986 session of the Superior Court of Alamance County, defendant was convicted of one count of felonious possession of stolen property (85CRS17405) and one count of habitual felon (86CRS1826). Defendant was sentenced in case number 85CRS17405 to a term of three years and in 86CRS1826 to a term of fifteen years, said sentence to begin at the expiration of the sentence in 85CRS17405.

On appeal, this Court, in an unpublished opinion reported at 85 N.C. App. 172, 354 S.E. 2d 774 (1987) found no error in the trial, but following *State v. Thomas*, 82 N.C. App. 682, 347 S.E. 2d 494 (1986), held that defendant was improperly given a separate sentence in 86CRS1826 (habitual felon), and remanded for resentencing in 85CRS17405 (felonious possession of stolen property).

On remand, the trial court sentenced defendant in 85CRS17405 to a term of fifteen years. Defendant appeals from that sentence.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lemuel W. Hinton, for the State.*

*Patterson, Parker & White, by C. Craig White, for defendant-appellant.*

WELLS, Judge.

Under his sole assignment of error, defendant contends that the trial court erred in increasing defendant's sentence on resentencing from three years to fifteen years, relying on N.C. Gen. Stat. § 15A-1335 (1983), which is as follows:

> *Resentencing after appellate review.* Where a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence . . . .

We disagree.

While G.S. § 15A-1335 has been interpreted to prohibit the trial court from imposing a more severe sentence because of reweighing factors in aggravation or because of finding new factors in aggravation, *see State v. Williams*, 74 N.C. App. 728, 329 S.E.

2d 709 (1985), where the trial court is required by statute to impose a particular sentence (on resentencing) G.S. § 15A-1335 does not apply to prevent the imposition of a more severe sentence. N.C. Gen. Stat. § 14-7.6 (1986) provides, in pertinent part, as follows:

> *Sentencing of habitual felons.* When an habitual felon . . . shall commit any felony under the laws of the State of North Carolina, he must, upon conviction . . . be sentenced as a Class C felon . . . .

*See also State v. Aldridge*, 67 N.C. App. 655, 314 S.E. 2d 139 (1984). Pursuant to the provisions of G.S. § 15A-1340.4(f)(1) (1983), the presumptive sentence for a Class C felon is fifteen years.

For the reasons stated, we hold that the trial court properly resentenced defendant to a term of fifteen years, and that the judgment of the trial court must be and is

Affirmed.

Judges EAGLES and GREENE concur.