STATE OF NORTH CAROLINA v. LAUREEN MILLAR HOLT

No. COA99-1508

(Filed 5 June 2001)

**1. Homicide— second-degree murder—Fair Sentencing Act— aggravating factor—serious and debilitating injuries**

The trial court did not err by finding as an aggravating factor that the infant victim suffered serious injuries that were permanent and debilitating when resentencing defendant for second-degree murder under the Fair Sentencing Act. The State's evidence was sufficient to establish that the victim suffered serious and debilitating injuries in excess of that normally present in second-degree murder.

**2. Sentencing— resentencing—greater sentence**

The trial court erred by giving a greater sentence on resentencing where defendant was convicted of second-degree murder and sentenced under the Structured Sentencing Act to 196 to 245 months; the case was remanded for sentencing under the Fair Sentencing Act; and the trial court then sentenced defendant to life in prison. The sole exception to N.C.G.S. § 15A-1335, which prohibits greater sentences, is when the General Assembly's intent is clear as to the statutorily mandated sentence on resentencing. Life imprisonment is not a statutorily mandated sentence in this case.

Appeal by defendant from judgment entered 13 September 1999 by Judge E. Lynn Johnson in Cumberland County Superior Court. Heard in the Court of Appeals 12 February 2001.

*Attorney General Michael F. Easley, by Associate Attorney General Christopher W. Brooks, for the State.*

*Walen & McEniry, P.A., by James M. Walen, for defendant-appellant.*

HUNTER, Judge.

Laureen Millar Holt ("defendant") appeals from the judgment and commitment imposed on resentencing. On appeal, defendant assigns error to (1) the trial court's finding as an aggravating factor that "[t]he victim suffered serious injuries that were permanent and debilitat-

STATE v. HOLT

[144 N.C. App. 112 (2001)]

ing," and (2) the trial court's imposition of a greater sentence on resentencing in violation of N.C. Gen. Stat. § 15A-1335 (1999). After a careful review of the record and briefs, we affirm the trial court as to the first assignment, and vacate and remand as to the second.

At trial, the State's evidence tended to show that while in defendant's care on 7 July 1994, Amber Hall ("Amber"), a six month old infant whom defendant provided day care for in her home, suffered a severe head trauma, as well as, significant brain damage, as the result of a "nonaccidental trauma or . . . shaken baby syndrome." After her initial injury, Amber survived for approximately twenty-two months. During those twenty-two months, Amber was in a vegetative state; she was blind; she suffered from cerebral palsy and seizures; she lost her circadian rhythm resulting in her inability to sleep; she was unable to chew or swallow; she could not learn to crawl, walk, or speak; her skull collapsed; and her head shrank. Then on 26 May 1996, Amber died of pneumonia related to her severe head trauma. Ultimately, defendant was convicted of the second degree murder of Amber.

At defendant's first sentencing hearing on 1 July 1998, the trial court found two aggravating and one mitigating factors. The court then determined that the aggravating factors outweighed the mitigating factor, and sentenced defendant in the aggravated range under the Structured Sentencing Act, N.C. Gen. Stat. § 15A-1340.10 et seq. (1999). Consequently, defendant was sentenced as a Class B2 felon (N.C. Gen. Stat. § 14-17 (1999)) to a term of imprisonment of 196 to 245 months (N.C. Gen. Stat. § 15A-1340.17(c), (e) (1999)). Defendant appealed.

On appeal, this Court found no error in the trial; however, we held that defendant was improperly sentenced under the Structured Sentencing Act. State v. Holt, 134 N.C. App. 499, 526 S.E.2d 509 (1999) (unpublished). Effective 1 October 1994, the Fair Sentencing Act, N.C. Gen. Stat. § 1340.1 et seq. (1988), was repealed and the Structured Sentencing Act became effective for offenses occurring on or after that date. As all the acts leading up to the charge of second degree murder occurred on 7 July 1994, we vacated defendant's sentence and remanded to the trial court with instructions that defendant be sentenced pursuant to the Fair Sentencing Act. Id.

On 13 September 1999, at defendant's resentencing hearing, the trial court found two aggravating factors—"[t]he victim was very

young" and "[t]he victim suffered serious injuries that were permanent and debilitating"—and five mitigating factors. Nevertheless, the trial court again determined that the aggravating factors outweighed the mitigating factors, and therefore sentenced defendant in the aggravated range. Specifically, the court sentenced defendant as a Class C felon (N.C. Gen. Stat. § 14-17 (1993) (amended 1994)) under the Fair Sentencing Act to a term of life imprisonment (N.C. Gen. Stat. § 14-1.1 (1993) (repealed 1994)). Defendant appeals.

**[1]** In her first assignment of error, defendant argues that the trial court erred in finding as an aggravating factor that "[t]he victim suffered serious injuries that were permanent and debilitating," and consequently sentencing her in the aggravated range. Particularly, defendant contends that a serious and debilitating injury is not a proper aggravating factor for a homicide case, because evidence of a serious and debilitating injury is used to prove malice, an essential element of second degree murder. We disagree.

"Second-degree murder is the unlawful killing of a human being with malice, but without premeditation and deliberation." *State v. Robbins*, 309 N.C. 771, 775, 309 S.E.2d 188, 190 (1983). Clearly, a serious and debilitating injury is not an expressed element of second degree murder. However, defendant claims that the evidence of Amber's serious and debilitating injuries was evidence used to show malice.

We recognize that, "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation . . . ." N.C. Gen. Stat. § 15A-1340.4(a)(1) (Cum. Supp. 1993) (repealed 1994) (now codified in § 15A-1340.16(d) (1999)). *See also State v. Hughes*, 136 N.C. App. 92, 99, 524 S.E.2d 63, 67 (1999), *disc. review denied*, 351 N.C. 644, 543 S.E.2d 878 (2000) ("[i]t is error for an aggravating factor to be based on circumstances which are part of the essence of a crime"). Nevertheless, the language "[t]he victim suffered serious injuries that were permanent and debilitating," "creates a distinction between the suffering of the victim at the time the serious injury is inflicted and any long-term or extended effects that arise due to that serious injury." *State v. Crisp*, 126 N.C. App. 30, 39, 483 S.E.2d 462, 468 (1997). The severe head trauma suffered by Amber resulted in serious injury at the time it was inflicted in July 1994. However, Amber's brain damage, blindness, cerebral palsy, seizures, loss of circadian rhythm, etc., were the long-term and extended effects that arose due to that serious debilitating injury. Thus, the same evidence

was not used to support both malice—an element of the offense, and an aggravating factor. Therefore, evidence necessary to prove second degree murder was not used to prove any factor in aggravation in the case *sub judice*.

Although N.C. Gen. Stat. § 15A-1340.4(a)(1) (Cum. Supp. 1993) (repealed 1994) did not expressly enumerate serious injury that is permanent and debilitating as an aggravating factor, this section did not limit a trial judge to the aggravating factors enumerated therein. *See State v. Church*, 99 N.C. App. 647, 656, 394 S.E.2d 468, 474 (1990). In fact,

> the statute lists several aggravating factors which the trial judge is required to consider and also authorizes him to consider any other aggravating factors "that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing. . . ."

*State v. Thompson*, 310 N.C. 209, 220, 311 S.E.2d 866, 872 (1984), *overruled on other grounds by State v. Vandiver*, 321 N.C. 570, 364 S.E.2d 373 (1988). Here, the State's evidence was sufficient to establish that Amber suffered serious and debilitating injuries in excess of that normally present in second degree murder. Thus, the trial court had the authority to find as an aggravating factor that Amber suffered serious injuries that were permanent and debilitating, as long as the court's finding was proved by a preponderance of the evidence and reasonably related to the purposes of sentencing. Such was the case here.

Moreover, we note that this Court has held in the past that a serious injury may be used as an aggravating factor. *See State v. Nichols*, 66 N.C. App. 318, 311 S.E.2d 38 (1984) (prior to the Structured Sentencing Act, serious injury could be used as a factor in aggravation); *see also State v. Crisp*, 126 N.C. App. 30, 483 S.E.2d 462 (in prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, aggravating factors may include that victim suffered permanent and debilitating serious injury). Additionally, under Structured Sentencing as it is presently in effect, serious injury that is permanent and debilitating is a listed aggravating factor for consideration pursuant to N.C. Gen. Stat. § 15A-1340.16(d)(19) (1999). Therefore, we affirm the trial court's use of Amber's serious injuries that were permanent and debilitating as a factor in aggravation.

[2] In her second assignment of error, defendant argues that the trial court's imposition of a greater sentence on resentencing is in violation of N.C. Gen. Stat. § 15A-1335. We agree.

The statute on resentencing after appellate review states:

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C. Gen. Stat. § 15A-1335 (1999). At defendant's first sentencing hearing, the trial court—after weighing the aggravating and mitigating factors, and finding that the aggravating factors outweighed the mitigating factors—sentenced defendant as a Class B2 felon (pursuant to N.C. Gen. Stat. § 14-17 (1999)) to a term of imprisonment of 196 to 245 months under the Structured Sentencing Act. Conversely, at defendant's resentencing hearing, the trial court—again, after weighing the aggravating and mitigating factors, and finding that the aggravating factors outweighed the mitigating factors—sentenced defendant as a Class C felon (pursuant to N.C. Gen. Stat. § 14-17 (1993) (amended 1994)) to a term of life imprisonment under the Fair Sentencing Act.

Clearly, § 15A-1335

> applies to the situation where the trial judge is weighing aggravating and mitigating factors on resentencing a defendant or on sentencing a defendant after a new trial. The statute prohibits the trial judge from imposing a more severe sentence because of reweighing aggravating factors, or because of new aggravating factors. . . .

*State v. Williams*, 74 N.C. App. 728, 730, 329 S.E.2d 709, 710 (1985). At bar, the trial court did weigh aggravating and mitigating factors on resentencing. Therefore, " '[i]n simple words, on resentencing, a trial judge cannot impose a term of years greater than the term of years imposed by the original sentence . . . .' " *State v. Hemby*, 333 N.C. 331, 335, 426 S.E.2d 77, 79 (1993) (quoting *State v. Mitchell*, 67 N.C. App. 549, 551, 313 S.E.2d 201, 202 (1984)).

The sole exception to N.C. Gen. Stat. § 15A-1335, and the only circumstance in which a higher sentence will be allowed on resentenc-

ing, is when a statutorily mandated sentence is required by the General Assembly. *See State v. Kirkpatrick*, 89 N.C. App. 353, 355, 365 S.E.2d 640, 641 (1988) ("where the trial court is required by statute to impose a particular sentence (on resentencing) [] § 15A-1335 does not apply to prevent the imposition of a more severe sentence"). Thus, when the General Assembly's intent is clear as to the statutorily mandated sentence required on resentencing, § 15A-1335 does not apply.

At bar, defendant was sentenced under the Fair Sentencing Act. Pursuant to the Fair Sentencing Act, the presumptive sentence for a Class C felon was fifteen years (§ 15A-1340.4(f)(1) (Cum. Supp. 1993) (repealed 1994)); moreover, under N.C. Gen. Stat. § 14-1.1 (1993) (repealed 1994), a Class C felon could have "be[en] punish[ed] by imprisonment *up to* 50 years, or by life imprisonment, or a fine, or both imprisonment and fine." N.C. Gen. Stat. § 14-1.1(a)(3) (emphasis added). Significantly, life imprisonment was not a statutorily mandated sentence under this statute; hence, N.C. Gen. Stat. § 15A-1335 applies here. Therefore, we hold that defendant's life sentence on resentencing exceeds her original sentence of 196 to 245 months, and thus violates § 15A-1335. Accordingly, we vacate defendant's sentence of life imprisonment, and remand for a new sentencing hearing with instructions that defendant's sentence not exceed 245 months less the portion of the prior sentence previously served.

The State relies on both *State v. Williams*, 74 N.C. App. 728, 329 S.E.2d 709, and *State v. Kirkpatrick*, 89 N.C. App. 353, 365 S.E.2d 640, for its position that § 15A-1335 does not apply to the case at bar. However, both cases fit into the exception to § 15A-1335 discussed above, and consequently, they are distinguishable from the case at bar.

First, in *Williams*, 74 N.C. App. 728, 329 S.E.2d 709, the defendant was found guilty of armed robbery and sentenced to twelve years imprisonment. *Id.* Subsequently, this Court granted defendant's motion for appropriate relief and ordered a new trial. *Id.* On retrial, defendant was again found guilty of armed robbery and was resentenced to a term of fourteen years pursuant to N.C. Gen. Stat. § 14-87(d) (1981). *Id.* On appeal, this Court found that defendant's higher sentence of fourteen years was statutorily mandated by § 14-87(d), thus § 15A-1335 did not apply. *Id.* Accordingly, we upheld the higher sentence. *Id.*

Likewise in *Kirkpatrick*, 89 N.C. App. 353, 365 S.E.2d 640, the defendant was found guilty of felonious possession of stolen property

and of being an habitual felon. *Id.* As a result, the trial court sentenced the defendant to three years imprisonment for the possession of stolen property conviction and fifteen years imprisonment for his habitual felon status. *Id.* On appeal, this Court held that the defendant was improperly given a separate sentence for his habitual felon status, and we remanded for resentencing. *Id.* On remand, the trial court resentenced the defendant as an habitual felon to a single term of fifteen years for the felonious possession of stolen property conviction pursuant to N.C. Gen. Stat. § 14-7.6 (1986). *Id.* Specifically, under § 14-7.6, an habitual felon was required to be sentenced as a Class C felon; and pursuant to § 15A-1340.4(f)(1) (1983), the presumptive sentence for a Class C felon was fifteen years. *Id.* Since the trial court found no aggravating or mitigating factors, the sentence on resentencing was statutorily mandated. Furthermore, defendant did not actually receive a higher sentence on resentencing; rather, the trial court, in accordance with *State v. Thomas*, 82 N.C. App. 682, 347 S.E.2d 494 (1986), simply used defendant's habitual felon status on resentencing to enhance his possession of stolen property conviction. For the foregoing reasons, *Williams* and *Kirkpatrick* are distinguished.

In summary, we affirm the trial court's use of serious and debilitating injuries as an aggravating factor in this second degree murder case. However, we vacate the trial court's sentence on resentencing and remand with instructions that defendant's sentence not exceed 245 months less the portion of the prior sentence previously served.

Affirmed in part, vacated and remanded in part.

Chief Judge EAGLES and Judge CAMPBELL concur.