**STATE v. COOK**

[225 N.C. App. 745 (2013)]

STATE OF NORTH CAROLINA
v.
ARTHUR JUNIOR COOK, DEFENDANT

No. COA12-902

Filed 5 March 2013

**1. Sentencing—new sentence more severe at resentencing— statutorily mandated sentence**

The Court of Appeals granted defendant's petition for a writ of *certiorari* and determined that defendant was not entitled to a new sentencing hearing even though the trial court imposed a new sentence at the resentencing hearing that was more severe than the prior vacated sentence. The trial court did not violate N.C.G.S. § 15A-1335 since the trial court imposed a statutorily mandated sentence which it improperly failed to do the first time.

**2. Sentencing—prior record level points—calculation—harmless error**

The Court of Appeals did not need to address any of defendant's arguments regarding additional prior record level points, as any error on the part of the State or the trial court in calculating any of defendant's additional points would not change his record level and was thus harmless.

Appeal by defendant from judgments entered 5 March 2012 by Judge W. Robert Bell in Superior Court, Mecklenburg County. Heard in the Court of Appeals 31 January 2013.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Joseph L. Hyde, for the State.*

*Anne Bleyman, for defendant-appellant.*

STROUD, Judge.

Defendant appeals judgments sentencing him to two consecutive terms of 135 to 171 months imprisonment, arguing that the trial court erroneously resentenced him. For the following reasons, we affirm.

**I. Background**

This case originally came before this Court in *State v. Cook*, ___ N.C. App. ___, 721 S.E.2d 741, *disc. review denied and appeal dismissed*, ___ N.C. ___, 724 S.E.2d 917 (2012) *("Cook I")*; in that opin-

ion we summarized the background of this case, which we will not repeat here. In *Cook I*, we found no error in defendant's trial and remanded to the trial court for resentencing and directed that "the trial court . . . identify on which of the thirty-seven prior felonies and misdemeanors the court based its prior conviction point assignments to determine that defendant was a prior record level VI offender." ___ N.C. App. at ___, 721 S.E.2d at 749. Originally, "[t]he trial court determined that defendant had a total of twenty-four prior record points and was a prior record level VI offender. Defendant was sentenced to two consecutive terms of 120 months to 153 months imprisonment." *Id.* at ___, 721 S.E.2d at 745. Upon remand, the trial court determined that defendant had 25 points and again determined that defendant was a prior record level VI offender and sentenced defendant to two consecutive terms of 135 months to 171 months imprisonment. Defendant appeals.

## II. Petition for Writ of Certiorari

Defendant acknowledges that he was resentenced in the presumptive range and that a sentence in the presumptive range is generally not appealable. *See generally* N.C. Gen. Stat. § 15A-1444(a1) (2009) ("A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari."). Accordingly, defendant petitions this Court for a writ of certiorari to hear his appeal regarding his sentence within the presumptive range. We grant defendant's petition for a writ of certiorari and will review his sentence.[1]

## III. Sentencing Term

The trial court originally sentenced defendant to two consecutive terms of 120 months to 153 months imprisonment and noted on the judgments that this was "within the presumptive range[.]" However, as defendant was a prior record level VI offender who was sentenced as a Class C offender for crimes committed in September of 2009, the

1. As we are granting defendant's petition for a writ of certiorari we need not address defendant's petition requesting we suspend the rules of appellate procedure and hear defendant's appeal pursuant to North Carolina Rule of Appellate Procedure 2.

correct presumptive range was actually 135 months to 171 months imprisonment. *See* N.C. Gen. Stat. § 15A-1340.17(c), (e) (2007). As the trial court itself noted at resentencing, "[T]his sentence is actually greater than the sentence the defendant received at the first trial; . . . the defendant receive[d] what the Court believes is an illegal sentence in the first trial that is void because there are no findings of aggravation or mitigation made." Accordingly, the trial court originally sentenced defendant "illegal[ly]" as defendant was not actually sentenced within the correct presumptive range as noted by the judgments. *See id.; see generally State v. Whitehead*, \_\_\_ N.C. \_\_\_, \_\_\_, 722 S.E.2d 492, 495 (2012) (noting that sentences that contravene statutes are "illegal" and should be vacated).

[1] Defendant first contends that he "is entitled to a new sentencing hearing because the trial court committed error in imposing a new sentence at the resentencing hearing more severe than the prior vacated sentence for the same offenses in violation of . . . [defendant's] rights." (Original in all caps.) N.C. Gen. Stat. § 15A-1335 provides that

> [w]hen a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C. Gen. Stat. § 15A-1335 (2009). But this Court has noted that if the original sentence is illegal, this statute does not permit the trial court to impose another illegal sentence on remand:

> The sole exception to N.C. Gen. Stat. § 15A-1335, and the only circumstance in which a higher sentence will be allowed on resentencing, is when a statutorily mandated sentence is required by the General Assembly. *See State v. Kirkpatrick*, 89 N.C. App. 353, 355, 365 S.E.2d 640, 641 (1988) ("where the trial court is required by statute to impose a particular sentence (on resentencing) § 15A-1335 does not apply to prevent the imposition of a more severe sentence"). Thus, when the General Assembly's intent is clear as to the statutorily mandated sentence required on resentencing, § 15A-1335 does not apply.

*State v. Holt*, 144 N.C. App. 112, 116-17, 547 S.E.2d 148, 152 (brackets omitted), *per curiam disc. review improvidently allowed*, 354 N.C. 224, 554 S.E.2d 652 (2001); *see also Whitehead*, ___ N.C. at ___, 722 S.E.2d at 495.

Here, defendant was originally illegally sentenced. See N.C. Gen. Stat. § 15A-1340.17(c), (e); *see generally Whitehead*, ___ N.C. at ___, 722 S.E.2d at 495. Upon resentencing the trial court properly resentenced defendant within the presumptive range. *See* N.C. Gen. Stat. § 15A-1340.17(c), (e). As such, the trial court did not violate N.C. Gen. Stat. § 15A-1335 as the trial court imposed "a statutorily mandated sentence" which it improperly failed to do the first time. *Holt*, 144 N.C. App. at 116, 547 S.E.2d at 152; *see* N.C. Gen. Stat. § 15A-1340.17(c), (e). Accordingly, this argument is overruled.

### IV.  Insufficient Evidence

**[2]** Defendant also contends that "the trial court abused its discretion and erred in relying on improper and insufficient evidence to determine . . . [defendant's] prior record level and sentence in violation of . . . [defendant's] rights." (Original in all caps.) Defendant first notes that the trial court "[p]roperly" assigned him 7 points for his North Carolina convictions. Defendant then notes that

> the trial court found . . . that . . . [defendant's] prior 1996 South Carolina armed robbery conviction was substantially similar to the North Carolina N.C. Gen. Stat. § 14-87 offense of robbery with firearms or other dangerous weapons. . . . The trial court classified this prior South Carolina offense as a Class D felony and assigned . . . [defendant] six record level points for the conviction.

Defendant does not argue that N.C. Gen. Stat. § 14-87 was not substantially similar to the South Carolina armed robbery conviction nor does he contest the assignment of 6 points. Thus, defendant does not contest 13 of his points.

Defendant further notes that "South Carolina convictions included in the calculation of . . . [defendant's] prior record level were for two counts of 'forgery' [and] one count of 'grand larceny[;]' " defendant contends that as to these offenses the State did not "meet its burden of proof that the out-of-state convictions were substantially similar to an offense in our jurisdiction[;]" however, the trial court treated all of these convictions as Class I felonies.

[T]he default classification for out-of-state felony convictions is Class I. Where the State seeks to assign an out-of-state conviction a more serious classification than the default Class I status, it is required to prove by the preponderance of the evidence that the conviction at issue is substantially similar to a corresponding North Carolina felony. However, where the State classifies an out-of-state conviction as a Class I felony, no such demonstration is required.

*State v. Hinton*, 196 N.C. App. 750, 755, 675 S.E.2d 672, 675 (2009) (citation and quotation marks omitted). Along with defendant's 13 points, these three Class I convictions give defendant 6 more points, for a total of 19 points. *See* N.C. Gen. Stat. § 15A-1340.14(b)(4) (2007) ("For each prior felony Class H or I conviction, 2 points."). With 19 points defendant would have a prior record level of VI. *See* N.C. Gen. Stat. § 15A-1340.14(c)(6) ("Level VI—At least 19 points.") Thus, we need not address any of defendant's arguments regarding additional points, as any error on the part of the State or the trial court in calculating any of defendant's additional record level points would not change his record level and is harmless. *See State v. Lowe*, 154 N.C. App. 607, 610-11, 572 S.E.2d 850, 854 (2002). Accordingly, this argument is overruled.

## V. Conclusion

For the foregoing reasons, we affirm.

AFFIRMED.

Judges STEPHENS and DILLON concur.