**STATE v. POWELL**

[231 N.C. App. 129 (2013)]

STATE OF NORTH CAROLINA
v.
TROY LAMONT POWELL

No. COA13-593

Filed 3 December 2013

1. **Appeal and Error—appealability—prior record level points— sentencing duration error**

The State's motion to dismiss defendant's appeal on the ground that N.C.G.S. § 15A-1444(a2) does not authorize an appeal of right to correct a court's determination of a defendant's prior record level points was denied. N.C.G.S. § 15A-1444(a2)(3) allows defendant an appeal as a matter of right when the sentence contains a term of imprisonment that is for a duration not authorized by N.C.G.S. § 15A-1340.17 or N.C.G.S. § 15A-1340.23 for the defendant's class of offense and prior record or conviction level.

2. **Sentencing—malicious conduct by prisoner—violation of statutory mandate**

Defendant's sentence for malicious conduct by a prisoner was vacated and remanded for entry of a corrected sentence. The trial court's sentence of a maximum term of 30 months imprisonment for a 25 month minimum term was violative of the statutory mandate under the applicable sentencing guidelines of N.C.G.S. § 15A-1340.17(d) for a Class F felony committed on 9 June 2012, pursuant to N.C.G.S. § 15A-1447(f).

3. **Sentencing—clerical error—prior record level points**

A malicious conduct by a prisoner case was remanded to the trial court to amend the judgment form to reflect defendant's correct prior record level point total.

Appeal by defendant from judgment entered 8 January 2013 by Judge Milton F. Fitch, Jr. in Hertford County Superior Court. Heard in the Court of Appeals 18 November 2013.

*Roy Cooper, Attorney General, by Kathleen N. Bolton, Assistant Attorney General, for the State.*

*Michelle FormyDuval Lynch, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant Troy Lamont Powell appeals from a judgment entered pursuant to his guilty plea for one count of malicious conduct by a prisoner. For the reasons stated herein, we vacate defendant's sentence and remand for entry of a corrected sentence consistent with this opinion.

On 7 January 2013, defendant was indicted for malicious conduct by a prisoner, a Class F felony, which was alleged to have been committed on 9 June 2012. Defendant pled guilty to the charge and stipulated to being a Prior Record Level IV offender. The prior record level stipulation is consistent with the entries on the prior record level worksheet included in the record, which indicates that defendant had a total of twelve prior record level points; two points for one prior Class H or I felony conviction, nine points for nine prior Class A1 or 1 misdemeanor convictions, and one point because "all of the elements of the present offense [we]re included in any prior offense."

The trial court initially sentenced defendant to a term of 25 to 39 months imprisonment based on defendant's prior record level and his conviction for a Class F felony. However, when defendant returned to court to give his oral notice of appeal, the court purported to correct defendant's sentence as follows:

THE COURT: Madam Clerk, the judgment is not correct, unless I'm looking at the wrong chart. I can't give him 39 months. I can give him 25, which is at the high end of the presumptive for an F. He's a Record Level IV. The maximum I can give him under the law that corresponds with 25—you actually have the printed chart. . . .

[ADA]: Yes, sir, Judge.

THE COURT: The date of offense is on or after December 1st, 2011; is that correct? The date of offense is 6/9/12?

[ADA]: Yes, sir, Judge. . . .

THE COURT: Just tell me if I'm accurate. Is the highest [maximum] 30?

[ADA]: For an F on the 25, 25 takes you out to 30, Judge.

THE COURT: Then the Court on its own motion will correct the judgment entered on 1/8/2013. . . .

> After examining the judgment and commitment the Court realizes that the Court gave 39 months. The 39 months would correspond to 32 months. If the Court gave, 39 months, the Court was in error. So the Court, on its own motion, corrects the judgment to comport with the statute. Give the defendant 25 months minimum, 30 months maximum in the North Carolina Department of Corrections.

The court then amended its written judgment to reflect a sentence of 25 to 30 months imprisonment. Defendant appealed.

---

**[1]** As a preliminary matter, we note that the State filed a motion to dismiss defendant's appeal on the ground that the statute under which defendant purports to take his appeal—N.C.G.S. § 15A-1444(a2)—does not authorize an appeal of right to correct a court's determination of a defendant's prior record level *points*, when such a correction does not affect the court's finding of that defendant's prior record *level*, which comprises the entirety of defendant's sole issue on appeal. *See* N.C. Gen. Stat. § 15A-1444(a2)(1) (2011) ("A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed . . . [r]esults from an incorrect finding of the defendant's prior record *level* under G.S. 15A-1340.14 or the defendant's prior conviction *level* under G.S. 15A-1340.21. . . ." (emphases added)). While we agree that defendant's issue on appeal, standing alone, does not entitle defendant to an appeal as a matter of right within the express language of N.C.G.S. § 15A-1444(a2)(1), we have identified a sentencing error that appears on the face of the record that caused defendant to be sentenced to a term of imprisonment that is for a duration not authorized by the applicable version of N.C.G.S. § 15A-1340.17(d). Thus, because N.C.G.S. § 15A-1444(a2)(3) allows a defendant an appeal as a matter of right when his or her sentence "[c]ontains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level," N.C. Gen. Stat. § 15A-1444(a2)(3), we deny the State's motion to dismiss.

**[2]** "The criminal judgment entered against a person in either district or superior court shall be consistent with the provisions of Article 81B of [Chapter 15A of the North Carolina General Statutes] and contain a

sentence disposition consistent with that Article . . . ." N.C. Gen. Stat. § 15A-1331 (2011). Pursuant to N.C.G.S. § 15A-1340.17(d), after a trial court determines the minimum duration of a defendant's sentence, in order to calculate the maximum sentence for a Class F through Class I felony that is not otherwise provided by statute for a specific crime, the court should select, "for each minimum term of imprisonment in the chart in subsection (c) of this section, expressed in months, the corresponding maximum term of imprisonment, also expressed in months, is as specified in the table [in subsection (d)]," in which "[t]he first figure in each cell in the table is the minimum term and the second is the maximum term." N.C. Gen. Stat. § 15A-1340.17(d) (2011). Moreover, "[t]rial courts are required to enter criminal judgments in compliance with the sentencing provisions in effect at the time of the offense." *State v. Whitehead*, 365 N.C. 444, 447, 722 S.E.2d 492, 495 (2012).

In the present case, as evidenced by his guilty plea, defendant committed the offense of malicious conduct by a prisoner on 9 June 2012. Therefore, in order to determine defendant's maximum sentence for this Class F felony committed on 9 June 2012, the trial court should have used the version of the sentencing grid codified in N.C.G.S. § 15A-1340.17(d) that became effective on 1 December 2011 and "applie[d] to offenses committed on or after that date" as a result of the amendments promulgated under the Justice Reinvestment Act of 2011. 2011 N.C. Sess. Laws 758, 762, 765, ch. 192, § 2(e), (j).

Here, the trial court first sentenced defendant to a minimum term of 25 months imprisonment and a maximum term of 39 months imprisonment, which sentence was in compliance with the post Justice Reinvestment Act amendments to N.C.G.S. § 15A-1340.17(d) for offenses committed on or after 1 December 2011. *See id.* Then, at a subsequent hearing, on its own motion, the court sought to "correct" this sentence by directing defendant to serve a maximum term of 30 months imprisonment for the same minimum presumptive-range term of 25 months, because, as the colloquy excerpted above indicates, the trial court was convinced that it was "looking at the wrong chart." However, when the court "corrected" its sentence and changed defendant's maximum term to 30 months imprisonment, the court actually sentenced defendant to the term that was correct for offenses committed *before* the amendments of the Justice Reinvestment Act of 2011 took effect. *See* N.C. Gen. Stat. § 15A-1340.17(d) (2009). Because the trial court's sentence of a maximum term of 30 months imprisonment for a 25 month minimum term is violative of the statutory mandate under the applicable sentencing guidelines of N.C.G.S. § 15A-1340.17(d) for a Class F felony committed on 9 June

2012, pursuant to N.C.G.S. § 15A-1447(f), we vacate the trial court's sentence and remand this matter to the trial court with instructions to enter its original maximum sentence of 39 months imprisonment. *See* N.C. Gen. Stat. § 15A-1447(f) (2011) ("If the appellate court finds that there is an error with regard to the sentence which may be corrected without returning the case to the trial division for that purpose, it may direct the entry of the appropriate sentence."). Moreover, although we recognize that our order directing the trial court to impose a 39 month maximum sentence seems, itself, to instruct the court to violate the statutory mandate prohibiting a trial court from imposing a more severe sentence than the sentence originally imposed, *see* N.C. Gen. Stat. § 15A-1335 (2011) ("When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served."), our Court has recognized that, "where the trial court is required by statute to impose a particular sentence (on resentencing) G.S. § 15A-1335 does not apply to prevent the imposition of a more severe sentence." *State v. Kirkpatrick*, 89 N.C. App. 353, 355, 365 S.E.2d 640, 641 (1988).

**[3]** Finally, defendant contends the trial court erred by determining that he had twelve prior record level points. While defendant concedes that the trial court correctly gave him two points for one prior Class H or I felony conviction and nine points for nine prior Class A1 or 1 misdemeanor convictions, defendant asserts that the court should have determined that he had only eleven prior record level points because defendant had no prior convictions for malicious conduct by a prisoner and had no prior convictions that had all of the elements of this offense, which was the basis for the additional prior record level point in the court's calculation in accordance with N.C.G.S. § 15A-1340.14(b)(6).

One of the five essential elements of malicious conduct by a prisoner is that "the defendant threw, emitted, or caused to be used as a projectile a bodily fluid or excrement at the victim." *State v. Robertson*, 161 N.C. App. 288, 292, 587 S.E.2d 902, 905 (2003). Because the record does not reflect that any of defendant's prior convictions also included this element, the trial court erred by assessing an additional prior record level point to defendant's prior record level point total on this basis. However, since, as defendant concedes, subtracting this point from defendant's prior record level point total of twelve does not alter the court's determination that defendant is still a Prior Record Level IV offender, *see* N.C. Gen. Stat. § 15A-1340.14(c)(4) (2011) (providing that a Prior Record

Level IV offender has "[a]t least 10, but not more than 13 points"), we conclude that such error is harmless. *See, e.g., State v. Lowe*, 154 N.C. App. 607, 610–11, 572 S.E.2d 850, 853–54 (2002). Nonetheless, we agree with defendant that the trial court also erroneously recorded his prior record level point total on the judgment form as "17" points, which *would* cause defendant to be a higher prior record level offender. As the State concedes, this error appears to be a clerical one, and "[w]hen, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record 'speak the truth.' " *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696–97 (2008) (quoting *State v. Linemann*, 135 N.C. App. 734, 738, 522 S.E.2d 781, 784 (1999)). Accordingly, inasmuch as we remand this matter for entry of a corrected sentence, we further instruct the trial court to amend the judgment form to reflect defendant's correct prior record level point total.

Sentence vacated; remanded for entry of corrected sentence and for correction of clerical error on the judgment.

Judges HUNTER, JR. and DILLON concur.